McAlister v. Clark.

————— •◄◆►• —————

33 253
68 372

ALEXANDER McALISTER, TREASURER, vs. MASSENA CLARK.

A party who comes within the language of the statute of amendments (Revision of 1866, tit. 1, sec. 123,) has the right to change his plea, but this right must necessarily be exercised subject to and in conformity with the established rules of the court.

As the time beyond which an amendment may not be allowed has not been fixed by the statute, it becomes a matter of practice, and must of course rest in the discretion of the court.

A right in a defendant, as often as one plea is decided against him, to change it for another, would render litigation so interminable as not to be endured.

The practice is undoubtedly more liberal in allowing a change of plea in case of a demurrer overruled, than in allowing amendments to declarations which have been held to be insufficient, but in both cases it is a matter of discretion with the court, and therefore not the subject of proceedings in error.

Where this court has advised the superior court to render judgment in favor of the plaintiff on an issue joined upon a demurrer to the declaration, an application by the defendant to the superior court for leave to withdraw the demurrer and plead to the action, stands on the same ground, whether made before or after the judgment is in fact entered up in conformity with the advice given.

Whether a bill of exceptions can be allowed by our practice by the superior court, in order to lay the foundation of a motion in error: Quære.

If, in an action to recover a definite penalty given by a city by-law, the defendant demurs to the declaration, and upon this issue judgment is rendered against him, he can not be permitted to introduce evidence in reduction of damages. In such a case an admission of a cause of action is an admission that the damages must be assessed at the precise amount of the penalty.

McAlister *v.* Clark.

ACTION of debt, brought under the provisions of a by-law of the city of New Haven for the prevention of nuisances, by the city treasurer, to recover a penalty of fifty dollars. This cause came before this court, at its preceding term in this county, upon a reservation for advice upon the sufficiency of the declaration, to which the defendant had demurred. (See *ante*, page 91.) After this court had advised that judgment upon that issue be rendered for the plaintiff, but before judgment had been in fact entered up in the superior court in conformity to this advice, the defendant made a motion to the superior court to allow him to withdraw his démurrer and plead the general issue. This motion the court denied, and gave judgment for the plaintiff for the full amount of the penalty. The defendant claimed on the question of damages, and offered evidence to prove, that the plaintiff was entitled to no damages, or at most to nominal damages only, but this evidence was excluded by the court as inadmissible.

The defendant tendered a bill of exceptions which was allowed by the court, reciting his motion for leave to withdraw the demurrer and substitute a plea, and the refusal of the court to grant it, and then brought up the cause again to this court upon a motion in error. He also filed a motion for a new trial, on account of the exclusion of the evidence offered on the question of damages, the questions arising upon which were reserved for the advice of this court.

*Shelton,* in support of the motion.

1. Plaintiffs have been allowed to amend their declarations in all stages of a cause, both when amendments were allowable at the discretion of the court only, (*Hobby* v. *Mead*, 1 Day, 206 ; *Smith* v. *Barker*, 3 id., 315 ; *Bulkley* v. *Landon* 2 Conn., 404, and 3 id., 76 ;) and since they became matter of right, the ground or form of action not being changed, under the statute of 1821. *New Haven Bank* v. *Miles*, 5 Conn., 587, 590 ; *Merriam* v. *Langdon*, 10 id., 460, 473 ; *Betts* v. *Hoyt*, 13 id., 469 ; *Nash* v. *Adams*, 24 id., 33 ; *Spencer* v. *Howe*, 26 id., 200.

2. Defendants should be more favored in their pleadings

than plaintiffs, since the latter have the power of withdrawing their suit at any time. By the statute of 1720, which is almost identical with the present statute on that subject, the change of a plea is made matter of right. See *Phelps* v. *Sanford*, Kirby, 343 ; *Kisham* v. *Nichols*, 1 Root, 75 ; *Ripley* v. *Fitch*, id., 404; *Benedict* v. *Nichols*, id., 434; *Simons* v. *Payne*, 2 id., 406 ; *Kearney* v. *Covington*, 1 Met. (Ky.,) 339 ; *Miller* v. *Metzger*, 16 Ill., 390. And the practice in the superior court has been general to allow the defendant after demurrer overruled to withdraw his demurrer and plead anew, or to plead over without change of plea.

3. On principle the judgment upon overruling a demurrer should be simply that the declaration is sufficient, and such has been the practice in this state when the defendant has so claimed. A demurrer is only an excuse for not pleading ; it imports that the objecting party will not proceed, but will wait the judgment of the court whether he is bound to answer. Gould Pl., ch. 2, § 43 ; Bouvier's Law Dict., *Demurrer*.

4. If the demurrer in this case did admit a cause of action, this entitled the plaintiff to nominal damages only, unless he proved more. *Havens* v. *Hartford & New Haven R. R. Co.*, 28 Conn., 69, 89. And the evidence offered in reduction of the damages claimed was improperly excluded, as it showed a defence to allegations which the plaintiff was bound to prove.

*Watrous*, contra.

1. The question upon the right of withdrawing the demurrer is not properly before the court upon this motion in error. The ruling was an interlocutory one, and should be presented here by a motion for a new trial. Gen. Stat., p. 43, sec. 203 ; *Nichols* v. *City of Bridgeport*, 27 Conn., 459, 463. Under the old practice the act complained of would constitute a proper case for a bill of exceptions, but as it can now be reviewed by a motion for a new trial that is the proper and only mode. Rules of Practice, 3 Day, 29 ; *Picket* v. *Allen*, 10 Conn., 146.

2. The statute of amendments does not give the right claimed by the defendant, nor a right to change any plea

after a trial has been had and ended. The allowance of amendments in proper cases remains a matter of discretion as at common law. *Betts* v. *Hoyt,* 13 Conn., 469. And being matter of discretion error will not lie. *Merriam* v. *Langdon,* 10 Conn., 460 ; *Mandeville* v. *Wilson,* 5 Cranch, 15 ; *United States* v. *Buford,* 3 Pet., 12, 31; *Chirac* v. *Reinicker,* 11 Wheat., 280, 302.

3. The testimony offered on the subject of damages was inadmissible. The action is debt for a liquidated sum fixed by law, which no testimony could vary. 1 Swift Dig., 679, 784, 785.

HINMAN, C. J.   The defendant being sued for the penalty incurred under a by-law of the city of New Haven, demurred to the declaration, and the declaration having been sustained by the city court, he appealed to the superior court, and there the case was reserved for the advice of this court, which also sustained the declaration, and advised the superior court to render judgment for the plaintiff.   Before the judgment was in fact entered up, he moved the superior court to be permitted to withdraw his demurrer and to plead the general issue, which motion the superior court denied, and entered up judgment in conformity with the advice of the Supreme Court of Errors.   From this decision the defendant files his motion in error and brings the record before this court.

It is not claimed that by the rules of the common law the defendant would have this right to withdraw his demurrer and plead again, but it is insisted that under our statute allowing the parties to amend any defect, mistake, or informality in the pleadings or proceedings, and also allowing either party who shall suppose that in any part of the pleadings he has missed the ground of his plea, and that he can plead a different plea that will save him in his cause, to change his plea and plead anew, a party has a right in any stage of the proceedings to change his plea, and that it is error in the court to deprive him of his right.

No doubt a party who comes within the language of the

statute has the right to change his plea; and yet this right must necessarily be exercised subject to and in conformity with the established rules of the court. There must be an end to litigation, and it is obvious that a right in a defendant, as often as one plea is decided against him to change it for another, would render litigation so interminable as not to be endured. We are aware that some stress is laid by the defendant upon the fact that the judgment of the superior court had not been entered up in fact at the time he made his motion. But the advice of the Supreme Court of Errors had been given to enter it up, and the parties knew precisely what it would be, and to allow advantage to be thus taken of the interval between the giving of the advice and the actual rendering of the judgment, is the same in effect, in all those cases which go to the Court of Errors for advice, as to allow a change of plea after judgment is in fact rendered. As the time beyond which an amendment may not be allowed has not been prescribed by the statute, it becomes a matter of practice, and must of course rest in the discretion of the court; and there seems to be no more propriety, strictly speaking, in allowing a defendant who has chosen to rest his case upon a demurrer to the declaration, to change his plea after the demurrer has been decided against him, than there is in allowing a plaintiff to amend his declaration after a verdict in his favor, and an arrest of judgment in consequence of the insufficiency of the declaration. It is true that such an amendment may be allowed under special circumstances, but it will not be in ordinary cases. *Betts* v. *Hoyt*, 13 Conn., 469. The practice is undoubtedly more liberal in allowing a change of plea in case of a demurrer overruled, than in allowing amendments to declarations which have been held to be insufficient, probably in analogy to the practice in courts of equity, but it is equally a matter of discretion, and therefore not the subject of a motion or writ of error.

We have not thought it necessary to consider the question as to whether a bill of exceptions can be allowed by our practice by the superior court, and a motion in error be founded upon it, since we are of opinion that there is nothing in the

bill of exceptions upon which a motion in error can be sustained.

The defendant, after judgment for the plaintiff on the hearing in damages, claimed the right to prove, and offered evidence to prove, that each and all the allegations in the declaration were untrue, but the court excluded the evidence, and thereupon assessed the damages in the case at the sum of fifty dollars; and on this ground the defendant asks for a new trial.

The penalty fixed in the by-law for the offense charged against the defendant is fifty dollars precisely. It can be no more nor less than that sum. The defendant, however, claims that on the assessment of damages, when a demurrer is overruled, the damages are always nominal, unless the actual damages are proved. That this is so in cases where the damages may vary from a nominal sum to the amount claimed in the declaration, according as the proof may show that the plaintiff is entitled to one sum or another, is no doubt true. And in cases of this sort, as the demurrer admits only a cause of action, and does not admit any aggravated circumstances though charged in the declaration, the plaintiff will recover only nominal damages, unless he shows what the actual damages were. But in a case like this, for a precise penalty given by a by-law, there is no room for nominal damages; an admission of a cause of action is an admission that the damages must be assessed at the precise amount of the penalty.

We advise the superior court that there is no error in the judgment complained of, and that a new trial should not be granted.

In this opinion the other judges concurred; except Mc-Curdy, J., who dissented.