CHARLES S. CRANE AND ANOTHER vs. THE EASTERN
TRANSPORTATION LINE.

The plaintiffs in their declaration alleged the loss of a cargo of grain by
the sinking of a canal boat towed by the defendants, and alleged that the
negligence of the defendants caused the loss.  The defendants demurred,
the demurrer was overruled, and the case was heard in damages. On this
hearing no evidence was offered by either party as to the negligence of
the defendants or the absence of it.  The court found the actual damage
to be $5000, but awarded only nominal damages.  This court reversed
the judgment on the ground that the burden of proof with regard to
negligence rested on the defendants, and that in the absence of all proof
they were to be considered guilty of negligence.  The case went back to
the lower court, when the defendants moved to be allowed to plead the
general issue and have the case tried again upon the facts.  *Held* that,
the actual damage having been found and upon a trial in which no
exception had been taken, the defendants were not entitled to plead
anew and have a further hearing upon the facts, but that it was the duty
of the lower court to render judgment against the defendants for the
$5000.

The finding as to the loss of the cargo was only that "while at *P* during
the night the canal boat sank and the entire cargo was lost."  Held that,
although this was not a finding that the loss was caused by the negli-
gence of the defendants, yet that that fact was sufficiently established by
the averment of the declaration that the loss occurred through their
negligence, and the admission of the truth of this averment by the
demurrer.

The finding of the court below contained the following paragraph: "The
plaintiffs offered no evidence to prove negligence on the part of the de-
fendants, and so the court does not find the defendants guilty of negli-
gence.  The defendants offered no evidence."  Held not to be a finding
that there was no negligence on the part of the defendants, but only a
statement that nothing was found on the subject.

TRESPASS ON THE CASE for the loss of a cargo of grain
which was being towed by the defendants, a joint stock
corporation; brought to the Superior Court.  The same
case was before this court at a former term (48 Conn., 361,)
when the judgment of the court below, awarding only nom-
inal damages on a hearing in damages after a demurrer over-
ruled, was reversed by this court on the ground that the
actual damage, (found to be $5,007.66,) should have been
awarded.  The facts are fully stated in the former report of

the case. The case was remanded to the Superior Court, where the defendants claimed the right to plead the general issue, and have the case heard again upon the facts. The court (*Hovey, J.,*) denied the claim of the defendants, and rendered judgment for the plaintiffs to recover the amount of the actual damage. The defendants brought the record before this court by a motion in error.

*T. E. Doolittle* and *R. E. DeForest*, for the plaintiffs in error.

*W. K. Seeley*, with whom was *E. W. Seymour*, for the defendants in error.

PARK, C. J. It is important to consider how this case stood in the trial court on the hearing in damages.

The defendants had demurred to the plaintiffs' declaration, the court had adjudged the declaration sufficient, and the defendants had neglected and refused to plead further to it, or take any measures to review the judgment of the court upon the demurrer. In this state of things there was but one course left to be taken, and that was a hearing in damages. The parties came before the court for such hearing. The plaintiffs proved the value of their property destroyed at the time of the injury complained of, together with such other facts as pertained to the case. The defendants had a full opportunity to offer evidence upon the question of their negligence, which was the basis of the suit, but they neglected to improve it, and rested their case without offering any testimony. There was no parol evidence before the court on either side regarding the defendants' negligence, and nothing whatever for the judgment of the court to rest upon touching the matter, except the presumption of law arising upon the demurrer in connection with the amount of the plaintiffs' loss which had been proved. In this condition of the case both parties rested, and there was nothing remaining to be done but to determine the amount of damages that the plaintiffs should

recover. Up to this time there had been no rulings of the court on questions of evidence, and nothing whatever had arisen that could lay the foundation for a new trial. The case had gone up to final judgment clear of all questions that could be reviewed. But the case still remained for judgment, and the only question regarding it was, whether the plaintiffs should recover the full amount of their dam age or nominal damages only.

Now, suppose the court had reserved the case for the advice of this court, instead of deciding it; what would have been its advice? Manifestly, in the light of its decision on the motion in error, it would have been to render judgment for the full amount of the plaintiffs' damage, and that would have ended the case. The defendants would never have asked to be permitted, much less have claimed the right, to go back of all that had been done, and be allowed to change their pleadings and try the case *de novo*, when they had taken their chance of success in the course they had chosen to pursue, and had lost. Indeed, the door would have been closed to them if the request had been made, as it would have been closed to the plaintiffs if the advice of this court had been for nominal damages. Judge HINMAN, speaking on this subject in *McAlister* v. *Clark*, 33 Conn., 257, says: "We are aware that some stress is laid by the defendant upon the fact that the judgment of the Superior Court had not been entered up, in fact, at the time he made his motion. But the advice of the Supreme Court of Errors had been given to enter it up, and the parties knew precisely what it would be, and to allow advantage to be thus taken of the interval between the giving of the advice and the actual rendering of the judgment, is the same in effect as to allow a change of plea after judgment is in fact rendered." The principle of that case applies with all its force to the present one. The judgment of the trial court had to be for the plaintiffs to recover one or the other of two sums; either for the sum of $5,007$\frac{66}{100}$, or for a nominal sum. There was no other alternative. No other question was at issue. The court rendered judgment

for the plaintiffs to recover the smaller sum. This court held that the court erred in so doing. This rendered it absolutely certain that the court ought to have rendered judgment for the larger sum; that any other judgment would be erroneous. Surely, the case comes fully within the principle of *McAlister* v. *Clark*. And in the language of Judge HINMAN, "to allow advantage to be taken of the interval between the judgment of this court and the final rendering of judgment in the court below would be the same in effect as to allow a change of the pleadings after such judgment had, in fact, been rendered." There is no error in this respect.

The defendants further claim, that the finding of facts does not sustain the judgment that was rendered and that it is therefore erroneous.

This claim is based on the following finding of the court: "The plaintiffs offered no evidence to prove negligence on the part of the defendants, and so the court does not find the defendants guilty of negligence. The defendants offered no evidence in the cause."

It is claimed that this is a finding that the defendants were not guilty of negligence. We do not so understand it. We construe it to mean that the court makes no finding whatever on the question of the defendants' negligence in fact, because the plaintiffs offered no evidence on the subject. The court could not have made any other finding as the case stood, for there was no evidence before the court tending to show whether the defendants were or were not guilty of negligence in fact. There was nothing for the court to find, and nothing upon which to base a finding of fact. The admissions of the demurrer, taken in connection with the proof of the amount of the plaintiffs' damage, this court held established a *primâ facie* case in favor of the plaintiffs for the recovery of the full amount of their damages. This, though not a basis for a finding of facts, was sufficient to sustain the judgment that was finally rendered.

Again, it is claimed that it no where appears in the find-

ing that the plaintiffs' loss was attributable to the act or negligence of the defendants; that all that appears in the finding on this subject is, that "while at Port Morris during the night the canal boat sank, and the entire cargo was lost." For aught that appears, it is said, it might have been struck by lightning; or its sinking may have been caused by the wrongful act of a third person, or by the act of the plaintiffs' servant in charge of the boat and cargo. This is simply presenting the claim we have already considered in a different light. The plaintiffs' declaration fully sets forth that the loss occurred through the negligence of the defendants. The defendants demurred to the declaration, and thereby conclusively admitted, to the extent of a nominal sum in damages, that the loss occurred as set forth in the declaration. And when the plaintiffs proved by parol evidence the amount of their loss, as they did on the hearing in damages, the admissions of the demurrer extended to the entire amount sufficiently to establish a *primâ facie* case in favor of the plaintiffs for a recovery of that amount. In this condition of the case this court held that the burden of proof was on the defendants to show by evidence that they were not in fact negligent in the matter; and if they established the fact, they would thereby do away with the plaintiffs' *primâ facie* case, and leave them to recover only to the extent that the demurrer conclusively admitted, to wit, a nominal sum in damages. Now on the hearing in the court below the plaintiffs proved the amount of their loss. Without any further evidence they then had established a *primâ facie* case for the recovery of the full amount. But no parol evidence was offered by either party on the subject of the defendants' negligence in fact. The plaintiffs' *primâ facie* case then remained; and it stood not only when the erroneous judgment was rendered, but when the correct judgment was finally rendered.

There is no error in the judgment complained of.

In this opinion the other judges concurred.