*Litchfield,*
June, 1843.

Collins
*v.*
Prentice.

---

CHAMBERS and another *against* CAMPBELL :

#### IN ERROR.

The office of a motion for a new trial is very different from that of a bill of exceptions.

Hence, the matters stated in a motion for a new trial, and not otherwise appearing on the record, are not the subject of revision, by writ of error.

THIS was an action of trespass for an assault and battery and for false imprisonment, brought originally by *Stanton A. Campbell* against *Jerome B. Chambers* and *Horace Hollister*. The defendants pleaded, severally, *Not guilty*.

On this issue, the cause was tried, at *Litchfield*, *August* term, 1841, before *Sherman*, J.

The defendants, after due notice to the plaintiff, introduced evidence to prove the following facts, by way of justification. That, on the 7th of *January*, 1839, the defendant *Hollister*, being one of the select-men of the town of *Salisbury*,

HARVARD LAW LIBRARY

*Litchfield,*
June, 1843.

Chambers
*v.*
Campbell.

with the other select-men of that town, made complaint in writing to a justice of the peace, alleging, that a certain single woman was delivered of a bastard child, in *Salisbury*, on the 26th of *December,* 1838, begotten by the plaintiff; that the mother neglected to bring forward a complaint or suit to recover maintenance ; and that both she and the plaintiff neglected to give bond to indemnify the town ; praying that process might issue against him, that he might be arrested and examined touching the premises : that the justice thereupon issued process, directed to the defendant *Chambers*, as an indifferent person, which was put into his hands, to make service thereof ; that the defendant *Chambers*, according to the exigency of the warrant, arrested the plaintiff, gently putting his hands upon him, &c. ; which is the same trespass complained of. In connexion with this process, the defendants also offered in evidence the proceedings under it in the county court. The plaintiff claimed, that the process was void, and therefore inadmissible as evidence of a justification, because it was directed to, and attempted to be served by, an indifferent person, without the oath being administered which is prescribed by the statute in such cases ; and because it was granted without any oath being administered to the complainants in support of it.

The court sustained the objection, and excluded the evidence, for the purpose of making out a justification ; but it was received, without objection, to show the circumstances and objects of the arrest and imprisonment complained of.

The plaintiff claimed, that he was arrested, by the defendant *Chambers*, by virtue of said process, and brought before the magistrate, and there detained in custody until he had entered into a recognizance to appear before the county court to answer to the complaint ; and that in conformity to such recognizance, he appeared before the county court, and was put to great expense in clearing himself. He, therefore, claimed to recover damages against the defendants for the expenses to which he was thus subjected.

The defendant *Chambers* claimed, that he had nothing to do with the proceedings before the magistrate, or before the county court ; and that all that he did, was, to deliver the plaintiff to the magistrate, to be proceeded with according to

law; and he requested the court to charge the jury, that if the facts were such as he claimed them to be, he was not liable for any damages, except for the arrest and detention before the magistrate.

On this point, the court charged the jury as follows: "As the warrant was no justification, the imprisonment ceased as soon as the recognizance was taken; for a recognizance to get relief from false imprisonment, is void. The defendants, therefore, by the facts conceded, were not guilty of any act charged in the declaration, after the plaintiff was released, on giving the recognizance."

The jury returned a verdict for the plaintiff to recover 127 dollars damages. The defendants, excepting to the decision of the court in excluding the warrant as a justification, and to the charge, moved for a new trial; and the questions arising on such motion were referred to the supreme court of errors, at the next term thereof in *Litchfield* county, for their advice; and the cause was continued to the next term of the superior court. The motion for a new trial was not pursued before the supreme court of errors; and the cause, by regular continuance, came before the superior court, at its term in *August,* 1842; when final judgment was rendered on the verdict, for the amount specified therein, with interest and costs. The present writ of error was thereupon brought, by the defendants.

*Church* and *Seymour,* for the plaintiffs in error, contended, 1. That the matters embraced in the writ of error constituted a part of the record, and were properly before the court. In the first place, they belonged to the history of the cause, and were as strictly a part of the record, as the pleadings, the verdict, or judgment. But secondly, the motion was also a bill of exceptions. The record states, that the defendants *excepted* to the interlocutory decision of the court and to the charge; and this is allowed and signed, by the judge. What more is requisite to constitute a bill of exceptions? *Bul. N. P.* 315. & seq. *Stat. Westmin.* 2. (13 *Edw.* 1.) The signing alone implies an allowance. *Hillhouse* v. *Dunning,* 7 *Conn. R.* 139. Thirdly, the superior court has the power to allow bills of exceptions, as well as motions for a new trial. It was thought, that the latter were attended with some advantages,

*Litchfield,*
June, 1843.
―――――
Chambers
*v.*
Campbell.

which the former had not ; but there is no statute, or even a positive rule of court, prohibiting bills of exceptions.   1 *Sw. Dig.* 782.   They formerly afforded the usual, if not the only, means of revising a decision of the superior court, where the alleged error did not otherwise appear on the record ; and this is still the ordinary course in the inferior courts.   [The counsel then proceeded to argue the case upon the *merits ;* but it has become needless to follow them in that discussion.]

*T. Smith* and *Hubbard,* for the defendant in error, were stopped by the court.

WAITE, J.   In this case, a verdict having been rendered in the superior court in favour of the plaintiff in the original action, the defendants filed their motion for a new trial, which was allowed by the court ; but the defendants neglected to bring their case before this court ; and afterwards, at the *August* term of the superior court in 1842, final judgment was entered in favour of the plaintiff.

The defendants now bring their writ of error, for the purpose of having the question of law, stated in their motion for a new trial, reviewed.   It is not claimed, that there is any error in the judgment below, unless it appears upon this motion.   And the question is, whether the matters set forth in a motion for a new trial, can be reviewed upon a writ of error.

It is claimed, that the motion may be treated as a bill of exceptions.   But the object and design of the two instruments are very different.   That of the former is to enable the court, *before final judgment,* to correct any errors that may have occurred upon the trial ; that of the latter to place upon record, certain matters, which would not otherwise appear, to be examined, *after final judgment,* upon a writ of error.

The application, in the former case, is generally addressed to the discretion of the court ; and a new trial may be granted or denied, according to what, under all the circumstances, may be considered the requirements of justice.   And when granted, it is sometimes done upon terms prescribed by the court.   But upon a writ of error, no discretion can be exercised.   The only question is, whether the proceedings have been according to law ; and the judgment must be affirmed or reversed accordingly.

Although, in our practice, the forms of the two instruments are, in many respects, similar, yet it is not so in *England*. There, the forms required in one case, are very different from those in the other.   But this resemblance in form, in our practice, was not designed to change the character of either of the two instruments.   Their offices here are as distinct as in the *English* practice.

Besides, to allow this motion to be treated as a bill of exceptions, would not only be a novelty in the history of judicial proceedings, but would, in effect, repeal a very salutary rule of this court, established in 1807, to regulate the proceedings of the superior court.   3 *Day*, 29.   That rule provides, that bills of exceptions shall not thereafter be admitted, but motions for new trials allowed, in all cases, in their room. Now, if a motion for a new trial may be treated as a suit, or as a bill of exceptions, at the election of the party filing it, the rule becomes entirely nugatory in its operation.

We are, therefore, satisfied, that the only error complained of, in this case, is one, which, if it be such, cannot be corrected in this manner ;  and consequently, the judgment of the court below must be affirmed.

In this opinion the other Judges concurred, except CHURCH, J., who gave no opinion, the town of which he is an inhabitant being interested.

Judgment affirmed.