LEOPOLD C. ZALESKI *vs.* ELIZABETH S. CLARK.

A " new trial" granted upon motion for error upon a former trial, means a new trial of the issue of fact before tried.

Where an issue of fact was tried by the court, and a special finding of facts made, and upon the facts so found the court as a conclusion of law rendered judgment for one of the parties, and the other party moved for a new trial for error in the conclusion of the court, and a new trial was granted without qualification, it was held that there should be a new trial of the facts before found.

But the court had power, in granting the new trial, to limit it to the conclusion of the court as to the law upon the facts, without disturbing the finding of facts.

The power to grant new trials is not dependent upon statute, but is incidental to courts of common law.

Whether where the facts are found, and the judgment of the court is only a conclusion of law upon the facts so found, the proper mode of carrying the case up for revision by the Supreme Court is not by motion in error or writ of error.—Note, p. 405.

ASSUMPSIT to recover the price of a plaster bust made for the defendant; being the same case in which this court granted a new trial, *ante* Vol. 44, p. 218.  The case came again before the Court of Common Pleas, and was tried to the court upon the former plea of the general issue, before *Peck*, *J.*  There had been a special finding of the facts by the court

upon the former trial, which is given in full in the former report of the case.

Upon the second trial the plaintiff's counsel offered one Thompson as a witness to prove that the plaster bust of the defendant's deceased husband, which he had made for her, was a correct copy of a certain photograph of the deceased, and that the workmanship of the bust was good. To this testimony the defendant's counsel objected, for the reason that on the former trial the facts proposed to be proved by the witness were in issue; that the parties were then fully heard in reference to them with their proofs, witnesses and counsel; and that after the hearing the court made a finding concerning them in writing, which was duly filed with the clerk of the court; and that the matters were therefore *res adjudicata* and could not be again, between the same parties, the subject matter of judicial inquiry; that both of the parties were, by reason of the finding, estopped upon this trial from offering any testimony concerning any of the facts contained in the finding. The counsel for the plaintiff then claimed that he was not estopped by the finding from offering testimony in regard to any and all the points covered by that finding, and that he proposed to try the case *de novo*, and in all respects as if there had been no previous trial and finding of facts. The court overruled the objection and admitted the evidence, and decided that the plaintiff should be permitted to go fully into all the facts involved in the case and try it *de novo*. To this ruling the defendant's counsel excepted.

The counsel for the plaintiff then examined the witness in regard to the character of the bust, as a good work of art and a good representation in plaster of the photograph. He also called and examined witnesses in regard to all the questions of fact upon which a finding had previously been made. To all this testimony the counsel for the defendant objected for the reasons before stated. The court overruled the objection, (the defendant excepting to the ruling,) and admitted the testimony.

The court having rendered judgment for the plaintiff the defendant moved for a new trial, for error in the above rulings of the court.

Zaleski *v.* Clark.

*C. Ives,* in support of the motion.

1. In *Woolf* v. *Chalker,* in 1862, (31 Conn., 124,) being an action at law, Hinman, C. J., expressed great doubt whether the finding of facts in that case could be regarded strictly as any part of the record, because there was then no statute (as in equity) authorizing it. The legislature in 1864 remedied this defect, by a statute which is on page 444, of the revision of 1875, § 9.

2. Upon the first trial of this case, the court, pursuant to the terms of this statute, found specifically the facts, and as such they were made a part of the record, and thus became *res adjudicata,* as much so as if they had been found by a committee, or had been embodied in a decree in equity. *Munson* v. *Munson,* 30 Conn., 425.

3. This finding is a *judgment* of the court upon the facts therein contained; until reversed or set aside it imports absolute verity; to dispute it is to dispute the truth; it is conclusive upon the parties and their privies, and they are estopped from denying or questioning its truth. "The vocabulary of judges has been well nigh exhausted to supply [such an estoppel] with honorable and endearing titles." Freeman on Judgments, §§ 246, 247, 249, and authorities there cited.

4. The best interests of the parties litigant, the welfare of society and the true policy of the state, require that after the contestants have had a full and fair trial before a competent tribunal, and that tribunal has made a finding of the facts, which finding has become a matter of record, the parties shall not be permitted to afterwards contest again those facts. "Human life is not long enough to allow of matters once disposed of being brought under discussion again." "A party whose interests are placed in jeopardy by a trial, has a right to judicial immunity from the consequences of further trials involving the same issues." *Webb* v. *Rocky Hill,* 21 Conn., 474.

5. That degree of confidence in and respect for our courts which is essential for the public weal cannot be maintained if to-day a court is permitted to find facts diametrically opposed to those which the same court, upon precisely the same evidence, found yesterday.

6.    It makes no difference in this case that a new trial had been advised by the Supreme Court, for the new trial would only have been shortened and simplified to the extent that certain facts had already been found and made a part of the record.    The plaintiff was now at liberty to prove other facts if he could; and, if he could not, the trial would have been on questions of law arising upon the facts which appeared of record.

*T. C. Ingersoll,* contra, cited Bouvier's Law Dict., "*Trial*" and "*New Trial;*" 2 Graham & Wat. on New Trials, 32; *Hawkes* v. *Truesdell,* 99 Mass., 557; *State* v. *Behimer,* 20 Ohio S. R., 576; *Donahue* v. *Klassner,* 22 Mich., 254; *Brenner* v. *Coerber,* 42 Ill., 497; *Ryan* v. *Tomlinson,* 39 Cal., 639.

LOOMIS, J.    When this case came before this court at a former term it came up on a special finding of the facts by the Court of Common Pleas, with a judgment rendered upon those facts in favor of the plaintiff; the defendant moving for a new trial on the ground that the court erred in applying the law to the facts so found; and this court advised that a new trial be granted on that ground.

When the case came up for re-trial in the Court of Common Pleas, the plaintiff proceeded to introduce his evidence, when the defendant's counsel objected to the evidence on the ground that the facts sought to be proved by it were the same facts on which evidence had been introduced on the former trial, and that the finding then made by the court was an adjudication upon these facts which was conclusive upon the parties.    The court overruled the objection and allowed the plaintiff to proceed with his evidence in the same manner as if there had been no former trial and finding of facts.

The defendant contends that this ruling of the court was erroneous, and having had judgment rendered against him, now asks for a new trial.

It is obvious that the precise objection made by the defendant to the introduction of the plaintiff's evidence, namely, that the former finding was a conclusive adjudication between the

parties, was not well taken, as, if that finding was set aside and the whole case opened by the order granting the new trial, there was no longer any finding to operate as an adjudication; while if the finding was not set aside and the whole case opened by that order, the plaintiff had no right whatever to proceed to a new trial of the whole case, and the objection should have been taken to his attempt so to proceed and not to the evidence which he offered when the trial was commenced. In other words, the question was wholly one of practice, not of evidence; the evidence offered being pertinent and admissible if the plaintiff had, as a matter of practice, the right under the order granting a new trial, to a full re-trial of his case; and no evidence whatever being admissible if he was not, as a matter of practice, entitled to such re-trial. The objection that ought to have been taken was thus a preliminary one and was necessarily a fundamental one in the case.

As however no objection has been made by the counsel for the plaintiff to the form in which the objection was taken in the court below, we will consider it as sufficient to raise the question whether the plaintiff, upon the granting of the new trial to the defendant, was entitled to a full new trial of all the facts as if no finding of facts had previously been made, or whether that finding was to stand and the order for a new trial was to extend only so far back as to cover the error upon which the new trial was granted.

The term "new trial" has been a familiar one to the profession in this state since our early colonial history, and had acquired a settled meaning in England before our ancestors came to this country. It is believed that it has always been used in the sense of a complete re-trial of a cause, except in certain instances of which we will speak hereafter. These new trials were always re-trials of the facts of a case, and the term "new trial" is defined by Bouvier in his Law Dictionary, as "a re-examination of an issue in fact." Previous to the year 1762 they were granted only by the General Assembly, upon petition of the aggrieved party. In that year a statute was passed giving to the Superior and County Courts

power to grant new trials in cases tried before them, "for mispleading, discovery of new evidence, or other reasonable cause," and from that date to the year 1807 new trials were obtained only on petitions to these courts, like those at present brought in such cases. The new trials thus granted, so far as we are able to learn, were new trials of the entire issue of fact made in the case, precisely as if there had been no former trial. Thus HOSMER, C. J., in *Lockwood* v. *Jones*, 7 Conn., 436, speaking of the effect of the granting of a petition for a new trial, says:—"The original suit is entered in the docket, and the first and only cause of action, on the first and only writ, is tried again at a subsequent day. By the operation of the new trial, [meaning evidently the order granting the new trial,] the cause, in contemplation of law, is precisely in the same condition as if no judgment had ever been rendered." In 1807, after the re-organization of the courts by the act of the previous year, and the establishment upon a new basis of the Supreme Court of Errors, which was now to consist of the nine judges of the Superior Court, the judges, under a statute authorizing them to establish rules of practice, adopted a rule that bills of exceptions should not thereafter be admitted, but that motions for new trials should be admitted in all cases in their place, to be filed within forty-eight hours after verdict and during the session of the court; and that the several circuit courts should, at their discretion, reserve such motions for new trials for the opinion of the nine judges. This is the first that we hear of motions for new trials as distinguished from petitions. See remark of HOSMER, C. J., to that effect, in *Magill* v. *Lyman*, 6 Conn., 63. These motions were intended only for cases of error in law, either in the rulings or charge of the court; the jury having been held, up to that time, to be the judges of the law as well as of the facts in all cases, and the judges having no power to correct their errors except by sending them out to a re-consideration of the case, which could be done but twice. In connection with the rules of practice before mentioned, the judges adopted another, to the effect that the judges should, in charging the jury, state to them the several points of law arising in the

case, " and declare to them the opinion of the court thereon."
Thus the law of the case was separated from the fact, and
any error in the rulings or charge of the court could be pre-
sented for review by a motion for a new trial. From that
time, while petitions for new trials for causes other than errors
of law have still prevailed as before, errors of law have been
constantly carried up by these motions. The difference between
them has become more marked by the practice of reserving
all motions for new trials for the advice of the Supreme Court
of Errors, while petitions for new trials are still, as then,
heard and decided by the court that originally tried the case.
These reservations were, by the rule of 1807, left to the dis-
cretion of the judges holding the court in which the motion
was filed, but the act of 1830 made it imperative on the
judges to reserve all such motions. It should be observed,
too, that these motions were allowed only in the Superior
Court, the remedy in the County Courts being by appeal or
writ of error to the Superior Court. Neither the Superior
nor the County Courts were regarded as having power, upon a
petition for a new trial, to consider errors of law, and it has
recently been expressly decided that such questions can not
be considered on such petitions. *Andersen* v. *The State*, 43
Conn., 514. In all the cases, however, in which new trials
have been granted upon motions, it is believed that the new
trial has been, like that granted upon petitions, a re-trial of
the issue of fact, in the former trial of which the error
intervened.

We remarked before, that the term " new trial" had always
been regarded by the profession as meaning a complete re-trial
of a cause, except in certain instances of which we were to
speak. These instances are where the trial of fact in which
the error intervened has been a trial not involving the main
issue of fact in the case; as where a remonstrance to the
acceptance of a report of a committee or auditors sets up
certain facts, and the court on the trial of an issue on those
facts makes erroneous rulings, that render the trial of the
issue a mis-trial. There a new trial of only that part of the
case involved in that issue is asked for in the motion and of
course only the new trial asked for is granted. The new

trial is here, as everywhere, a new trial of the facts, and is in no sense a new trial of the law. The error of law has been tried upon the motion and has been decided by the court in deciding to grant the new trial. The new trial when granted is no longer a trial of the law, but solely of the fact.

While however an unqualified order granting a new trial would properly be taken to be an order for an entire new trial of whatever issue of fact was involved in the former mis-trial, we have no doubt of the power of the court to make a qualified order for a new trial, making it apply only to such part of a case as would admit of correction without an entire re-trial of the issue. The whole matter of new trials addresses itself largely to the discretion of the court, and that discretion we think extends to any qualification of its order that may be necessary to do justice to the parties. In *Bartholomew* v. *Clark*, 1 Conn., 472, SWIFT, C. J., says:— "To all courts acting on the principles of the common law the power is incidental to grant new trials for various causes;" and this common law power the courts must have the right to exercise in such a manner as shall best promote justice. We think therefore, that if a motion for a new trial was the appropriate remedy for an error like the one in the present case, the court would have had the right to limit the new trial that was granted to that part of the case into which the error entered, namely, the judgment of the court upon the facts found, and have excluded from its operation the finding of facts, which was complete in itself and free from all error, and in no manner disturbed by the subsequent error of the court in applying the law to the facts so found.

But as the new trial asked was of the whole issue of fact, and as the court granted a new trial without qualification, we think the whole issue of fact was opened for re-trial, and that the Court of Common Pleas committed no error in allowing the plaintiff to proceed to such trial of the facts, in the same manner as if there had been no former trial and no finding of facts.

A new trial is not advised.

In this opinion the other judges concurred.

Zaleski *v.* Clark.

NOTE.—Under our present practice there are four modes by which cases are brought before the Supreme Court of Errors, viz:—Writ of Error; Motion in Error; Motion for a New Trial; and Reservation for Advice.

1. *Writ of Error.* This is the common law mode of carrying up cases upon errors of law, and was formerly the only mode in this state. The errors reached by this proceeding are always those that are either apparent of themselves upon the record, or are brought into it by a bill of exceptions. Where a special finding of facts was made by the court, it was not regarded as a part of the record, unless made so by special order of the court. *Chambers* v. *Campbell,* 15 Conn., 427; *Nichols* v. *City of Bridgeport,* 27 Conn., 459, and remarks of STORRS, C. J., on page 467. But now, by the act of 1864, (Gen. Statutes, p. 444, sec. 9,) in all trials of issues of fact to the court, the judge is required, upon motion of either party, to make a finding of the facts upon which the judgment is rendered and cause the finding to become a part of the record. Questions of law arising upon such a finding could of course be revised on a writ of error. A writ of error lies only after final judgment in a case, and may be brought within three years from the rendering of the judgment.

2. *Motion in Error.* This proceeding is in its nature and operation precisely like a writ of error, differing from it only in the mode in which it is instituted. The writ of error is a separate suit, served like any other; the motion in error is filed in court at the same term in which the judgment is rendered, and is therefore a continuance of the proceeding already in court and not the commencement of a new suit. This is authorized wholly by statute. It lies in no cases where a writ of error would not have lain, unless it be expressly provided as the sole remedy by statute, as in the case of motions for judgment as upon a non-suit, (Gen. Statutes, tit. 19, ch. 13, sec. 4,) where the decision of the court refusing to set aside a non-suit may be reviewed upon a motion in error; in which case it would seem that a writ of error would not lie.

3. *Motion for a New Trial.* The allowance of these motions is incidental to all common law courts. Their nature is sufficiently explained in the foregoing case. They are addressed to the same court which tried the case, and are reserved for the advice of the Supreme Court. This reservation was originally informal and at the discretion of the judge of the Superior Court, but by the statute of 1830 was required in all cases. The Supreme Court does not order the new trial, but simply advises the Superior Court to grant or refuse it, and that court is required by law to conform to the advice. These motions were originally made only in the Superior Court, the remedy in the county and justice courts being wholly by appeal or writ of error; but now they may be made in the courts of common pleas and city courts, and reserved in the same way. Motions for new trials for ordinary errors are to be distinguished from motions for new trials on the ground of a verdict against evidence. These motions are by statute made directly to the Supreme Court itself, and do not come up like the others by reservation. The Supreme Court in this case grants or refuses the new trial, and does not advise the lower court to do it. The distinction between a motion for a new trial and a petition for a new trial is fully explained in the foregoing case. There is no very obvious reason why motions for new trials should not be allowed in equity proceedings where a case has been tried upon an issue of fact, but it has not been the practice to allow them. Now however, by the act of 1878, they may be allowed in equity proceedings as well as in actions at law.

Zaleski *v.* Clark.

4. *Reservation for Advice.* The reservation of motions for new trials for the advice of the Supreme Court falls properly under this head—but it helps to a clearer classification to place them by themselves. The ordinary reservations are either (1st) upon a state of pleadings which presents a question of law for decision; or (2d) upon a statement of the facts of the case by the judge below. These reservations were originally informal, and were established as a part of our system only by practice. The judges of the Superior Court became, by the act of 1806, judges of the Supreme Court of Errors, and questions on which any judge wished the advice of his brethren were held by him for such advice—the advice when given not being authoritative.. No statutory regulation appears on the subject until the act of 1855, which not merely authorized such reservations but made the advice given obligatory on the lower court. Previous to 1806 there is no reported case of a reservation, although the judges of the Superior Court had for some time before that date held their summer circuits together to hear cases of law. In the first volume of Day's Reports, covering the period from June, 1802, to June, 1804, there are sixty-four cases, all of which are writs of error. In the fifth volume, covering the period from June, 1811, to November, 1813, there are seventy-six cases, of which twenty-two were writs of error, forty-eight were motions for new trials, and six were on reservation. At the present time the cases that go up on reservation are not much less in number than those that are carried up on motions for new trials. The original theory of reservations was departed from, when the judges of the Superior Court ceased to be *ex-officio* judges of the Supreme Court, and still farther when, by recent statutes, reservations for advice were allowed to be made by the courts of common pleas and city courts. It retains however the same practical usefulness, and is one of the most convenient modes of taking the opinion of the Supreme Court upon the points of law in a case.

The mode adopted in the foregoing case in the first instance to obtain a revision of the rulings of the court below, was by a motion for a new trial. When brought up a second time it was by a like motion. The court upon the second motion was called upon to decide merely what was meant by the new trial granted upon the first motion, and the question did not arise whether a motion for a new trial was the proper mode in the first instance of bringing the case up. Having considered the motion without objection taken by either party and advised the new trial, there was no occasion, as the question did not arise on the second motion, of going back to a consideration of the question whether the first motion was a proper one. The practice has become so loose in respect to the form of carrying up cases by motions for a new trial, and the impression has been so general among the profession that almost any case could be carried up in that way, that it is very probable that the court would have held the proceeding a proper one. But a motion for a new trial in such a case is wholly out of harmony with the general principles governing proceedings in error.

The peculiarity of the case in question was, that the court had, upon a full trial, made a special finding of the facts, and then had on those facts held the law to be so that the plaintiff was entitled to recover. The finding of facts being a part of the record, it was clearly a case where a writ of error or motion in error would have lain. The error to be revised lay wholly in the conclusion of the court upon the facts found and not in any ruling of the court that had affected the finding.

Zaleski *v.* Clark.

The finding must be regarded as standing on precisely the same ground with a special verdict or a report of auditors or of a committee. The conclusion of law upon the facts found is, it is true, so annexed to the statement of the facts as to seem to be a part of the finding. It is however properly no part of it, but is simply the application by the judge of the law to the facts, precisely as if those facts had been found by some other tribunal, and is open to review on a writ of error or motion in error precisely as it would have been if the facts had been so found.

While a writ of error or motion in error seems to be the appropriate remedy in such a case, a motion for a new trial seems to be an entirely inappropriate one. A new trial is the remedy for a mis-trial. But there has been no mis-trial, so far as the facts are concerned. No evidence was improperly admitted or excluded. There was no charge to the jury by which the law had become inextricably involved with the facts and materially affected the finding of them. In such cases there can be no correction of the error but by a wholly new trial of the issue of fact into which, the error of law had entered. The very language of the act of 1830 regulating motions for new trials, shows that only errors that entered into the trials of issues of fact were intended to be reached by them. Its language is, "if either party shall think himself aggrieved by the decision of the court upon any question of law *arising in such trial,*" &c. In *Church* v. *Syracuse Coal & Salt Company,* 32 Conn., 372, it is held that the power of the court to grant new trials is not derived from this statute, and that new trials may be granted for errors that preceded the actual trial, so long as they entered into it and made it a different thing from what it would have been but for the error, as, in that case, the improper allowance of an amendment of the declaration, by which the case tried to the jury was a different one from what it otherwise would have been. This case goes further than any previous one had gone in extending the application of the remedy by new trial to errors occurring before the trial commenced, and certainly goes to the verge of the law; but even in this case the court lays down the rule with great distinctness and force, that the error must be one that affected the trial and not one that was outside of it. BUTLER, J., giving the opinion of the court, remarks upon this point as follows (p. 374): "As a rule decisions upon interlocutory motions do not reach to and materially affect the character of the trial, and can only be reversed on error; and a motion for a new trial is never proper unless the trial has been in some material respect different from that which the party claiming to be aggrieved was legally entitled to, and would have had but for some erroneous decision of the court. But where such decision does reach to and affect the character of the trial, and a correction of the ruling will necessarily result in a new and different trial, there is no good reason why an application for a new trial should not be permitted."

Our courts have leaned in favor of motions for new trials where they could be made applicable, and against writs of error, for the reason that in the former the court could exercise its discretion and not in the latter. But this consideration does not apply to the case of a finding of facts by the court, and an erroneous application of the law to those facts. In such a case the conclusion of the court is, as a general rule, either wholly right or wholly wrong. There is no middle place between these extremes, and no room therefore for the exercise of discretion in the granting or refusing a new trial. The whole case is presented by the finding, and the judgment must necessarily be a simple judgment for the plain-

tiff or for the defendant. If for either, and the judgment is right, there is no error and it stands. If wrong, there is error, and it is reversed. It is not a case where the court has erroneously admitted or excluded evidence and in which therefore the question may arise as to whether any injustice has been done by the error—but it is a case of a judgment that is rightly or wrongly given to the party in whose favor it is rendered, and the writ of error is issued for the purpose of determining which. It is true that there may be cases where a judgment is made up of wholly distinct items, and the court may have erred in allowing one of the items while otherwise correct. But it is well settled that a judgment which is erroneous in part only can be reversed for part and affirmed for the rest, if the legal and the erroneous parts can be separated. *Welles* v. *Fowler*, Kirby, 236; *Dixon* v. *Pierce*, 1 Root, 138; *Sherwood* v. *Sherwood*, 32 Conn., 2; *Bradshaw* v. *Callaghan*, 8 Johns., 558. But in the case of an entire and indivisible judgment, in which the question of law as to the judgment to be rendered rests wholly upon the facts found, and there is no question as to the rulings of the court upon evidence, the judgment must as a whole be right or wrong.

It seems to the writer therefore that where the facts of a case are found and made a part of the record, and the judgment rendered is only the conclusion of the court as to the law upon the facts so found, the proper mode, and only proper mode, of carrying up the case for revision by the Supreme Court is by a writ of error or motion in error.　　　　　　　　　　　　　　　　*R.*