SUSAN WARD *vs.* JOHN H. DONOVAN.

A motion for a new trial is the only mode of bringing up for review in the Supreme Court any errors in the charge of the court, or in rulings as to evidence, in the Superior Court and Court of Common Pleas.

BASTARDY process, brought before this court by a motion in error from a judgment for the plaintiff in the Court of Common Pleas. The decision of this court will be understood from the opinion, without a statement of the facts.

*H. B. Munson,* for the plaintiff in error.

*W. B. Wooster* and *D. Torrance,* for the defendant in error.

LOOMIS, J. The defendant in this case attempts to bring before this court for review, by motion in error, founded on a bill of exceptions, a supposed mistake of the Court of Common Pleas, in receiving and rejecting certain matters of evidence offered during the trial.

In so doing we think he has mistaken his remedy; that he should have brought his case here by motion for a new trial. To adopt the language of ELLSWORTH, J., in giving the opinion of the court in *Tolland* v. *Willington,* 26 Conn., 581: "A writ of error or motion in error will bring up properly a revision of the declaration, pleadings and judgment, but not an error in receiving or rejecting evidence, or in the charge of the court. We notice it that a salutary rule of law may be preserved and followed."

Prior to the year 1807 the mode of revising the decisions of the inferior courts was by filing a bill of exceptions and bringing a writ of error thereon. But as a writ of error was *stricti juris* and often reversed a judgment for the most trivial error, the judges in that year adopted a new rule, declaring that bills of exceptions should not thereafter be admitted, but that motions for new trials should in all cases be substituted for them. 3 Day, 29. And from that time to the present bills of exceptions have been put under the ban of

disfavor, and motions for new trial have been favored by this court. Afterwards, when the Supreme Court of Errors, pursuant to the statute approved June 5th, 1847, revised the rules of practice, the same rule was continued in force in the following language:—"No bills of exceptions will be allowed in the Superior Court, except in cases where an adequate remedy is not afforded by motion for a new trial." Rules of Practice, chap 4, sec. 1; 18 Conn., 564. This rule was in terms applicable to the Superior Court, for the obvious reason that motions for new trial were allowed only in the Superior Court; the remedy in the county courts being then only by appeal or writ of error to the Superior Court. But upon the establishment of our present courts of common pleas they were, by the express terms of the following statute, put on precisely the same ground as the Superior Court, relative to motions for new trial:—"Upon the trial of all matters of fact in the Superior Court, Court of Common Pleas, or District Court, whether to the court or jury, if either party shall think himself aggrieved by the decision of the court upon any question of law arising in such trial, and shall at the same term, and within forty-eight hours after verdict rendered, or issue found, except as hereinafter provided, make a motion for a new trial, stating therein the question or questions of law so decided, the court shall grant a rule to show cause, and reserve said motion and rule for the advice of the Supreme Court of Errors next to be holden in the judicial district or county; but the party filing said motion, or his attorney, shall make oath, if required by the adverse party, that the same is not intended for delay; and execution may be stayed at the discretion of the court." General Statutes, p. 448, sec. 5.

In thus prescribing the same remedy for erroneous decisions in the courts of common pleas as in the Superior Court, to be taken in both cases directly to the Supreme Court of Errors, and in thus making important rights of the adverse party to depend on the form of remedy prescribed, the long established and well known rules of practice governing such motions were virtually adopted by implication. But in order to remove all possible doubt on this subject we find in the

General Statutes, p. 38, sec. 5, in chapter 2d, entitled "Courts of Common Pleas and District Courts," the following provision:—"The course and rules of practice in each of said courts, subject to any necessary modification by rules adopted therein, shall be conformed as nearly as practicable to those of the Superior Court." The courts of common pleas may therefore now be. regarded as not only within the reason and spirit of the rule, but within the letter also; and the rule itself is so salutary and important as to make the dismissal of the present cause a just and appropriate penalty for its non-observance; and we may add in conclusion that there is nothing disclosed of record respecting the. merits of this. particular case that makes us regret the necessity that compels the enforcement of the rule by erasing the case from the. docket.

In this opinion the other judges concurred.