CARPENTER, PARDEE, LOOMIS AND GRANGER, Js.

---

### JOSEPH TAYLOR *vs.* PHILIP B. KEELER.

The plaintiff alleged damage to his mill by the setting back of water by the defendant, this being the sole damage averred. The court below found that the water was not set back far enough to affect the mill, but that it did cover a portion of the plaintiff's land below his mill, and rendered judgment in his favor for this damage. This court reversed the judgment, on a motion in error, on the ground that the plaintiff had claimed damages only for the injury to his mill. The case having been remanded, the plaintiff moved to amend by claiming damage for the flowing of the land, which amendment the court disallowed. Held on the plaintiff's appeal—

1. That the finding in the case, unlike a motion for a new trial, was to be regarded as presenting all the facts.
2. That the reversal of the judgment did not set aside the finding and entitle the plaintiff to a new trial of the facts, the error not having gone into the finding.
3. That the plaintiff having had his day in court, and the case upon his own presentation of it in his declaration having been fairly tried, he ought not to be allowed, by an amendment of his declaration, to try it over again.
4. That the allowing or disallowing of the amendment was a matter for the discretion of the court below, and its ruling could not be reviewed on error.

[Argued October 23d—decided November 22d, 1883.]

TRESPASS ON THE CASE for damage for wrongfully set-
ting back the water of a stream ; brought to the Superior
Court. A former judgment in the case for the plaintiff
having been reversed by this court, (50 Conn. R., 346,) and
the case remanded, the plaintiff moved to be allowed to
amend his declaration by filing new counts, and also claimed
a new trial upon the facts, although a finding of the facts
had been made upon the former trial. The court (*Cul-
ver, J.,*) disallowed the amendments and refused a new trial
of the facts, and judgment was rendered for the defendant.
The plaintiff appealed.

*W. F. Taylor* and *H. W. Taylor*, for the appellant.

*A. H. Averill* and *H. B. Scott*, with whom was *L. D.
Brewster*, for the appellee.

CARPENTER, J. This case was tried in the Superior
Court, the facts found, and judgment rendered for the
plaintiff. The court found that the plaintiff's land was
damaged and that his mill was not damaged. On a motion
in error the judgment was reversed, on the ground that the
plaintiff in his declaration had limited the damages for
which he might recover to the injury done to the mill.
50 Conn. R., 346. After the case was remanded the plain-
tiff moved to amend his declaration by adding thereto seve-
ral new counts. On objection by the defendant the court
refused to allow the amendment; and, on motion of the
defendant, rendered judgment for the defendant on the
facts previously found. The plaintiff appealed.

The allowance of the amendment was clearly within the
discretion of the court. *McAllister* v. *Clark*, 33 Conn., 253;
*Bulkley* v. *Andrews*, 39 id., 523. The latter case in some
of its features was like the present. The case was first
tried to the jury, with a verdict for the plaintiff. A new
trial was granted by this court. Before the second trial the
plaintiff was allowed to amend his declaration, and this
court held that it was within the discretion of the court.

Being discretionary, it cannot be reviewed on a proceed-
ing in error.   But if it was subject to review we should not
hesitate to say that the amendment was properly refused.
The case had been tried, the facts found, and a judgment
rendered upon those facts.   It having been determined that
the plaintiff was not entitled to that judgment he sought
by adding new counts to lay the foundation for proving a
different state of facts from those which he had proved on
a former trial.   The plaintiff had had his day in court.   It
should appear that justice absolutely required it before the
defendant should be subjected to another trial in this un-
usual and irregular manner.   Besides, the cause of action
when the plaintiff proposed to amend was barred by the
statute of limitations.   The suit was brought in October,
1875 ; the amendment was proposed at the February term,
1883.

The plaintiff claims that the facts as found by the Supe-
rior Court do not conclude the parties.

First, he says that the finding was only intended to
embrace such facts as were necessary to present the ques-
tions of law raised on the trial.   This is not so.   It was
not a motion for a new trial, the office of which is to state
facts which do not otherwise appear of record for the pur-
pose of stating clearly the questions of law to be reviewed,
but it was a motion in error to reverse a judgment ren-
dered upon facts found, and presumptively all the facts,
by the Superior Court.   Gen. Statutes, p. 444, sec. 9.   The
facts so found constitute a part of the record, while the
facts stated in a motion for a new trial do not.

In the next place, the plaintiff claims that the reversal of
the judgment vacated and set aside the finding of facts, and
entitled the parties to a new trial *ab initio.*   This claim if
allowed would obliterate the distinction in this regard
between a motion for a new trial and a motion in error.   A
new trial granted, unless qualified or limited, opens the case
from the beginning.   *Zaleski* v. *Clark,* 45 Conn., 397.   A
reversal of a judgment upon a motion in error may or may
not have that effect.   If the error was of such a nature as

to affect the facts found, or to render it probable that the court came to an erroneous conclusion upon some material question of fact, then a reversal of the judgment would set aside the finding of facts; but otherwise if, as in this case, the error consisted in rendering a wrong judgment upon facts properly found. There was no mis-trial as to the facts, but the error was in applying the law to the facts.

The plaintiff claims, however, that, inasmuch as there was a question of evidence in the case, the court must necessarily have treated the motion in error as a motion for a new trial; and that the reversal of the judgment is equivalent to granting a new trial for admitting improper evidence. The evidence objected to related to the damage to the land. The court did not grant a new trial for admitting improper evidence on that question, for the court regarded that as an immaterial matter, but reversed the judgment because the court, after having found that there was no damage to the mill, rendered judgment against the defendant for substantial damages, when the declaration claimed only the damage done to the mill.

The plaintiff also claimed that, if the former finding was an estoppel at all, it was not an estoppel as to all the facts alleged in the declaration, but only as to those facts contained in the finding, and that the plaintiff had a right to prove the facts alleged and not covered by the finding. We may concede this claim; but it will not aid the plaintiff, because there is an important finding as to the essential fact in the case—the damage to the mill. The finding is explicit:—"But said water was not so set back far enough to actually reach and affect the workings of the grist-mill wheel or machinery as heretofore constructed and operated." It is essential therefore, before the plaintiff can recover, that he should controvert the fact here stated, and show that damage was done to his mill; and that he will not be permitted to do. He has had his day in court, and the vital fact has been determined against him. He cannot now try the question over again without violating a salutary rule of law—that there must be an end of litigation; that

Rockwell v. N. York & N. England R. R. Co.

when a matter has been once fairly tried and determined it shall not again be called in question.

For these reasons there is no error in the judgment complained of.

In this opinion the other judges concurred.