HENRY FRITTS vs. NEW YORK & NEW ENGLAND RAILROAD COMPANY.

Hartford Dist., Oct. T., 1893.  ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

When a new trial is granted by the Supreme Court of Errors without qualification or condition, it means a new trial of the entire cause, regardless of whether the error was committed during the trial, or consisted merely in an erroneous application of the law to the facts as proved.

[Argued October 11th—decided December 13th, 1893.]

ACTION to recover damages for the alleged negligence of the defendant in causing the plaintiff's horses to run away, thereby diminishing their market value, and injuring the plaintiff's carriage and harness; brought to the District Court of Waterbury and heard in damages to the court,

*Bradstreet, J.;* judgment for the plaintiff and appeal by the defendant. This is the same case reported in 62 Conn., p. 503, in which a new trial was granted.

The finding of the court in the present case is as follows :—

Upon the new trial of this case, in a hearing in damages before the court in pursuance of the order of the Supreme Court of Errors herein, defendant, for the purpose of reducing the damages of the plaintiff to a nominal sum, offered to introduce evidence to show that the injuries to his property, complained of by plaintiff, were not caused by any negligence on its part; and also evidence to show that said injuries were caused by plaintiff's contributory negligence. He also claimed that plaintiff was bound to prove all items of damage before he could be entitled to judgment for the same.

The court refused to receive such evidence of defendant and overruled said claim, and ruled that under the decision of the Supreme Court of Errors in this cause, on the appeal to it taken from the former decision of this court, this court in this trial could only hear evidence as to the market value of the horses caused by their running away in the manner stated in the finding of the judge who heard the case on the former trial, since this was the only matter as to which the Supreme Court of Errors found this court to have erred in said former trial.

To each of these rulings defendant duly excepted.

*Edward D. Robbins*, for the appellant (defendant).

A new trial having been unqualifiedly granted by this court, the District Court should have proceeded according to the usual rules governing hearings in damages after default. *Lockwood* v. *Jones*, 7 Conn., 436. The case of *Zaleski* v. *Clark*, 45 Conn., 397, is exactly in point, and the opinion given in that cause may be adopted as the argument of the appellant in this case. The case of *Butler* v. *Barnes*, 60 Conn., 170, is clearly distinguishable from the case at bar; while *Taylor* v. *Keeler*, 50 Conn., 346, is not in point

at all, it being a motion in error, upon which the judgment below was reversed.

*Webster* and *O'Neill,* for appellee (plaintiff).

I. Before our statute was enacted providing for appeals instead of motions in error or motions for a new trial, there is little doubt but that the defendant's remedy would have been a motion in error ; and nothing whatever would have been said about a new trial by the counsel or the court. If instead of a motion in error the defendant had filed a motion for a new trial, it is probable that its motion would have been dismissed on the ground that it had mistaken its remedy. Rules of Practice, 3 Day's Reports, 29 ; Rules of Practice, 18 Conn., 564; Rules of Practice, 37 Conn., 619, 620; *Canterbury* v. *Bennett,* 22 Conn., 623 ; *Tolland* v. *Wellington,* 26 Conn., 581; *Nichols* v. *Bridgeport,* 27 Conn., 463 ; Revision 1875, p. 448, sec. 5 ; Revision 1875, p. 450, sec. 14.

Motions for a new trial are predicated upon the error of the court in admitting or rejecting testimony or in the instructions given to the jury or refused.

II. In *Zaleski* v. *Clark,* 45 Conn., 397, it is said that when a new trial is granted unless qualified or limited, the whole case is opened from the beginning.

In *Taylor* v. *Keeler,* 51 Conn., 397–399, the court says that a reversal of a judgment upon a motion in error may or may not have the effect to open the whole case from the beginning.

If the error was of such a nature as to affect the facts found, or to render it probable that the court came to an erroneous conclusion upon some material question of fact, then a reversal of the judgment would set aside the finding of facts; but otherwise if the error consisted in rendering a wrong judgment upon facts properly found. *Butler* v. *Barnes,* 60 Conn., 171; 61 Conn., 399–402 ; *Scutt's Appeal,* 46 Conn., 38.

A judgment erroneous in part only can be reversed for this part and affirmed for the rest if the legal and the erroneous parts can be separated. *Wells* v. *Fowler,* Kirby, 236

*Dixon* v. *Pierce*, 1 Root, 138; *Sherwood* v. *Sherwood*, 32 Conn., 2.

TORRANCE, J. This case was before us at a former term upon appeals taken by both parties. *Fritts* v. *New York & New England R. R. Co.*, 62 Conn., 503. We then held that there was no error on the defendant's appeal, while on the plaintiff's appeal we held there was error, and granted a new trial. When afterwards the case came up in the court below the defendant claimed a right to a re-trial of the entire facts, but the court overruled that claim, and whether it erred in so doing is the one question presented by the present appeal. By reference to the record in the former appeal in this case it will clearly appear that none of the errors alleged by either party affected in any way the facts found and made part of the record. There had been no mistrial so far as the facts were concerned. The alleged errors related entirely to the action of the court below in applying the law to the facts found. In both of these respects the record referred to was precisely like the record in *Zaleski* v. *Clark*, 44 Conn., 218.

Under the old practice, for some years at least prior to 1882, such cases were constantly brought up by motions in error or by motions for a new trial at the election of the parties. Theoretically perhaps under that practice the appropriate method for bringing up such cases was by a motion in error. See the note to *Zaleski* v. *Clark*, 45 Conn., 405. In practice, however, and in favor of motions for a new trial, the distinction was in most cases neither insisted upon by the court nor observed by the parties.

When, however, the errors related to and affected the trial of the facts it was, as a rule, required that the case should be brought up, whenever it could be, by a motion for a new trial rather than by a motion in error. *Ward* v. *Donovan*, 45 Conn., 559. But, as before stated, for many years prior to 1882 cases wherein the errors alleged did not in any way affect the trial of the facts, were constantly brought up without objection by motions for a new trial rather than by mo-

tions in error, and if error was found a new trial was granted. The following are a few of the cases of this kind, selected at random from a few volumes of our reports. In the 15th Conn. the case of *Wheeler* v. *Spencer*. In the 42d Conn. the case of *Langdon* v. *Strong*, *Brady* v. *Barnes*, and *State ex rel. White* v. *Ferris*. In the 43d Conn. the cases of *Merriam* v. *City of Meriden*, *Wheeler* v. *Wheeler*, and *Hitchcock* v. *Holmes*. In the 44th Conn. the cases of *Zaleski* v. *Clark*, *Mitchell* v. *Stanley*, *Sanford* v. *Gilman*, and *Buckingham* v. *Osborne*. In the 45th Conn. the cases of *Shepard* v. *New Haven & Northampton Co.*, *Peters* v. *Stewart*, *Zaleski* v. *Clark*, and *Trowbridge* v. *Bosworth*. In this last case the Supreme Court advised a new trial although the case appears to have been before it upon a motion in error. In all these cases there was a finding of facts by the court, committee, or auditor; the errors in all of them were not such as to affect this finding in any way, but consisted wholly in the application of the law to the facts found; and all of them except the last named case were brought up by motions for a new trial.

These, and numerous other cases of a like nature that might be cited, clearly show that this court under the old practice constantly heard such cases upon motions for a new trial and constantly advised new trials therein, although there had been no mistrial at all as to the facts found.

The present statute relating to appeals to the Supreme Court abolished these motions, substituting therefor one uniform method by way of appeal, and as a consequence abolished all the distinctions which had their origin in the differences between these motions. Under this statute, as before, this court still has the power in cases of the kind we have been considering, either to reverse the judgment merely or to grant a new trial; and it can now exercise this power unhampered by the form of the procedure adopted to bring the case up. General Statutes, § 1135.

Furthermore, under the old practice prior to 1882, this court, if it advised a new trial, could do so either with or without conditions and qualifications. *Chambers* v. *Camp-*

*bell*, 15 Conn., 427; *Zaleski* v. *Clark*, 45 Conn., 397. This power it still possesses under the present practice.

Under the former practice also, as a general rule, if a new trial was granted without qualification it meant a re-trial of the entire facts; and this was true, as appears by the cases cited, whether the errors did or did not affect the finding of facts. *Zaleski* v. *Clark*, 45 Conn., 397.

We think this still is and ought to be the rule. It is of great importance to all concerned that the rule upon this subject should be plain, simple, easily understood, and capable of ready application. The rule as recognized and enforced in the last named case is of this nature and ought to be adhered to.

It follows from what has been said that this court, when the former appeal in the case at bar was before it, had the power to reverse the judgment merely, or to grant a new trial with or without qualification. It chose however to grant a new trial, and the question is whether it granted such trial without qualification or not. For the answer to this question we must look to the language used by this court in granting the new trial.

The opinion in the former appeal, after disposing of one of the plaintiff's claimed errors, closes as follows:—" But we think that the lessened market value of the horses in consequence of the runaway was a proximate and legitimate element of damage. * * * In this last particular there is error on the plaintiff's appeal, and a new trial is granted." It is manifest, we think, from this language that the effect and scope of the new trial thus granted is not expressly limited or qualified in any way. The error found and pointed out is indeed confined to one part of the case, but the scope and effect of the new trial is not in express words so confined. If, then, any such limitation exists it must exist by necessary implication. It is said that the court cannot have intended to grant a new trial as to the facts of the case, because they had all been fairly found already and were not affected by any of the claimed errors, and that these last could be corrected without requiring a re-trial of the facts.

This was undoubtedly a good reason why this court might have contented itself with reversing the judgment merely, or with granting a qualified new trial in express words; but in the light of the cases hereinbefore cited it cannot fairly be urged as a reason for annexing by implication to the new trial granted a qualified or limited scope. The language employed is without limitation or qualification. If such implication exists in this case it must also have existed in *Zaleski* v. *Clark,* and in all the other cases like it hereinbefore cited, and yet this court in those cases never recognized any such implication. We think the language used fairly imports a new trial without qualification or condition.

It is claimed, however, that certain cases previously decided by this court are in conflict to a certain extent with this view of the case. In *Crane* v. *Eastern Transportation Line,* 50 Conn., 341, this court held that the facts could not be re-tried, as it did likewise in *Taylor* v. *Keeler,* 51 Conn., 397, and in other cases that might be cited. But as these were all motions in error under the old practice, where the judgment had been reversed merely without granting any new trial, they have little or no bearing on the present question.

The case of *Butler* v. *Barnes,* 60 Conn., 170, is the only case which can be claimed to support the plaintiff's contention. The action in that case was brought for the reformation of a deed, and, if reformed, then for damages for the breach of the covenants in the deed. A special finding of all the facts bearing upon the right to have the deed reformed was made and the court below decided that upon them, as matter of law, the plaintiff was not entitled to have the deed reformed. The finding was silent as to the amount of damage, if any, which the plaintiff had sustained in case he was entitled to have his deed reformed; and of course if error was found the case would have to be opened, at least to the extent of giving the plaintiff opportunity to prove the amount of his damage. On appeal to this court from that judgment it was held that the court below in deciding as above stated had erred, and a new trial was granted in the following language:—" And that a new trial should be granted at which

the Court of Common Pleas may reform the deed as herein indicated, and thereupon render judgment for damages for the breach of the covenants now in said deed contained." When the case came again before this court, (61 Conn., 391), it was held in effect that this language under the circum-stances limited the new trial granted to a trial of the question of damages, and did not extend to the right to re-try the facts already found.

Now, whatever else this last case decided, it is quite certain that it did not overrule *Zaleski* v. *Clark*, 45 Conn., 397, nor was it intended in the opinion to say anything to weaken the force of the salutary rule in that case recognized. The case (51 Conn., 399) assumes the existence of the rule, for the question was whether or not the language used in granting the new trial brought the case within the rule. It was simply a question of construction, and under the circumstances the court construed the language as granting only a qualified new trial. We still think that construction was the proper one, although the language used may perhaps be susceptible of a different one. At all events we think the case at bar comes clearly within the rule and that the court below erred in refusing to permit a re-trial as claimed by the defendant.

The judgment appealed from is reversed and a new trial is granted.

In this opinion the other judges concurred.