PATRICK COUGHLIN *vs.* JAMES H. McELROY.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The precedence in order of trial in this court accorded by General Statutes, § 59, to certain election contests, respects only causes coming from the same county (General Statutes, § 817).

The reversal of a judgment does not, *ex vi termini,* imply the grant of a new trial. If all the material facts presented in evidence are found and appear of record, and the only error of the trial court was in drawing the wrong legal conclusion therefrom, the reversal imports that it should render judgment for the other party, without a new trial or further inquiry as to the facts.

A case cannot be presented by halves; and if a party sees fit to bring forward evidence of such facts only as he may deem sufficient to meet those of his adversary, he must be prepared, in the event of an appeal to this court by either side, to have the cause decided with reference to no other facts than those apparent on the record.

Execution may issue immediately after the rendition of final judgment by the trial court, notwithstanding notice of an appeal is pending, if the trial judge is of the opinion that the appeal is simply for delay.

The fact that a trial judge was of the opinion, when he issued execution, that an appeal then contemplated was merely for delay, does not necessarily show that he was of the same opinion a month later when the appeal was filed and allowed by him.

A plea in abatement in this court which contains no prayer for judgment is demurrable for that omission.

A rescript sent down from this court, announcing a decision, in case of any uncertainty as to its import, should be read in the light of the opinion filed.

The judgment file prepared by the clerk of this court is the formal and authoritative expression of its decision.

Argued October 31st—decided November 28th, 1899.

Coughlin v. McElroy.

PETITION for a recount of votes and for a decree adjudging the petitioner to have been the duly-elected collector of the city of Bridgeport, brought to and tried by the *Hon. Ralph Wheeler*, a judge of the Superior Court, who found the facts and rendered judgment for the respondent, from which the petitioner appealed.

After this court had found error in the conclusion reached by the lower tribunal and had reversed its judgment (72 Conn. 99), the cause again came before *Judge Wheeler*, who overruled the claim of the respondent that he was entitled to a retrial of the issues raised by the pleadings, and rendered judgment in favor of the petitioner, pursuant to the opinion of this court, from which the respondent appealed for alleged errors in the rulings of the judge.   *No error.*

In this court the appellee filed a plea in abatement to which the appellant demurred.   *Demurrer sustained.*

*\*George P. Carroll*, with whom was *Alfred B. Beers*, for the appellant (respondent).

*Daniel Davenport*, for the appellee (petitioner).

BALDWIN, J.   Upon the reversal of the judgment originally entered in this action (see *Coughlin* v. *McElroy, ante*, p. 99), the parties appeared before the judge of the Superior Court by whom it was rendered, and the defendant claimed the right to a retrial of the petition and to introduce further evidence.

---

\* Immediately after the call of the docket at the opening of the term, *Mr. Davenport*, counsel for the appellee, called the attention of the court to the nature of the case, and that under General Statutes, § 59, it was "privileged in the order of trial," and thereupon moved that it might be heard before any other cause on the docket.   In reply to the court's inquiry whether he desired to argue the plea in abatement separately, counsel for both parties stated that they preferred to discuss all questions in one argument; whereupon the court ordered the cause to stand as the first cause to be heard on the Fairfield county docket, both as to the plea in abatement and the appeal; holding that the privilege claimed did not prevail over the statutory precedence (General Statutes, § 817), as to the time and order of trial, accorded to all causes on the docket which came from New Haven county.

Whether he had such a right or not depended on the judgment which had been pronounced by this court. No copy of this was presented to the judge, who had before him simply the opinion of this court and the brief rescript by which our decision was communicated to the clerk. It was the duty of that officer to prepare, sign and record a proper judgment file. Rules of Supreme Court, p. 109, § 66. If in any case the terms of the rescript are not so full or clear as may be necessary to enable him to do this, he is at liberty to consult the court, and more precise directions will be given. In the case at bar the rescript was thus expressed: "Error. Judgment reversed. Opinion by Hall, J." This opinion, which was also on file, concluded thus:—

"The trial judge erred in not counting for the petitioner the 38 ballots described in paragraph 14 of the finding. The petitioner was elected to the office of collector, and a certificate to that effect should have been issued by the judge, as provided by statute.

"Error and judgment reversed."

The opinion was published on July 12th, and the rescript bore that date. It was on July 20th that the parties were heard before the judge of the Superior Court as to the further proceedings to be had before him. It does not appear that any motion was made by either for a postponement until the judgment of this court had been formally written out and entered of record. The only question between them was whether its effect, as shown by the opinion and the rescript, was to require the issue, without any further inquiry, of a certificate of the petitioner's election. As to this point, the judge of the Superior Court took the view of the petitioner and proceeded forthwith to final judgment.

The reversal of a judgment annuls it, but does not necessarily set aside the foundation on which it rests. This foundation may be sufficient to support a judgment of a different kind, and may be such as to require it. A reversal therefore is never, standing alone, and *ex vi termini*, the grant of a new trial. If the error was one in drawing a wrong legal conclusion from facts properly found and appearing on the record,

it would be an unnecessary prolongation of litigation to enter again on the work of ascertaining them. This is equally true, whether the proceedings leading to the reversal were such as at one time in our judicial history would have properly taken the form of a motion in error, or such as would have been presented by a motion for a new trial. *Fritts* v. *New York & N. E. R. Co.*, 63 Conn. 452.

A special finding in a case tried to the court, which is made for the purpose of an appeal, is admissible even in collateral proceedings to show what facts were the subject of adjudication. *Kashman* v. *Parsons,* 70 Conn. 295, 304. That which came before us in this cause, on the former appeal, showed that thirty-eight ballots had been cast for the petitioner which upon the recount had been erroneously rejected. These ballots, if counted, would have entitled him to a certificate of election. We stated in our opinion that there was error in not counting them, and that such a certificate should have been issued. When our judgment was recorded in form, it read as follows: "It is therefore considered and adjudged that the judgment be reversed and the judge of said Superior Court is hereby ordered to issue a certificate declaring the appellant duly elected to the office of collector of the city of Bridgeport, in conformity with the opinion of the court as on file will appear." That such was its necessary purport was rightly held by that judge upon reading the rescript in the light of the opinion.

The defendant claimed before him in opposing the petitioner's demand for an immediate judgment, that he could show, and asked an opportunity to show, that there had been certain errors in the official count of the ballots cast at the election in question, which had not been made the subject of investigation at the original trial, and were of sufficient magnitude to overcome what would otherwise appear to be the plurality of votes in favor of the petitioner.

If there were such errors, the time to prove them had passed. A case cannot be presented by halves. In every trial which may result in an appeal to this court, it is the duty of each party, so far as he is able, to see that whatever is material to support his contentions is proved and found.

Coughlin *v.* McElroy.

If he content himself with bringing forward only so much as he may deem sufficient to meet those of his adversary, he must be prepared, should an appeal be taken on either side, to have it decided with reference to no other facts than those apparent on the record.

Notice of this appeal was filed on July 20th, immediately after the rendition of final judgment, and on the same day execution, on motion of the appellee, was issued, against the protest of the appellant; the trial judge being of opinion that he was appealing simply for delay. This action was authorized by the Public Acts of 1897, p. 891, § 14. The provision in that section, that in all appealable cases execution shall be stayed for one week after judgment, is controlled by the subsequent clause which authorizes, under circumstances such as were here found to exist, the issue of execution to be ordered " at any time upon motion and hearing."

The appeal was allowed by the trial judge on August 25th. The appellee has pleaded in abatement in this court, on two grounds: that, as it is found that the appeal was taken for delay, its allowance was improper (see Public Acts of 1897, p. 888, § 2); and that, as the judgment was precisely what this court had directed, it could not be the subject of an appeal. To this plea a demurrer was filed, and, by the desire of both parties, argued in connection with the appeal.

The demurrer is well taken, for two reasons: 1. That the trial judge was of opinion on July 20th that the appeal was taken for delay, does not necessarily show that he was of the same opinion on August 25th. 2. The plea is bad for want of a prayer for judgment. Gould on Pl. Chap. V, §§ 142, 144. This being so, it is unnecessary to inquire whether a trial judge has, under any circumstances, an absolute power to refuse to allow an appeal, or whether the second point taken in the plea was proper matter of abatement.

The plea in abatement is overruled for insufficiency; but there is no error in the judgment appealed from. In view of the overruling of his plea, no indemnity fee will be allowed to the appellee for the proceedings in this court.

In this opinion the other judges concurred.