CASE 99—PETITION ORDINARY—NOVEMBER 26.

# Walrath vs. Viley.

APPEAL FROM FAYETTE CIRCUIT COURT..

1.  Although the lower court erroneously rejected a deposition, the court of appeals will consider the effect of the rejected evidence, and if, when admitted, it could not change the result, the court will not, for that cause alone, reverse the judgment.

2.  If Walrath authorized his name to be used as the partner of Lee, and the corn was sold to them upon the faith that he was a partner, and as such bound for the price, he should not be permitted to disprove the fact which he had admitted, and thereby induced the sale of the corn to them.

BUCKNER & HUSTON,                                For Appellant.

HUNT & BECK,                                       For Appellee.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The principal objection taken by appellant to the ruling of the court below is, that the exceptions to the evidence of Lee and Lyon were sustained and their evidence rejected.

Although we are inclined to think, that as Lee was not interested in the issue at the time appellant offered to read his deposition, and was therefore competent, still,

before the judgment should be reversed for that cause, the effect of the evidence must be considered, and if, when admitted, it could not change the result, appellant is not prejudiced by the action of the court below, and cannot, for that cause, be entitled to a reversal.

Craig and Lewis, witnesses for appellee, both prove that appellant told them that he was a partner of Lee in the purchase of the corn; that he was the "Co." in the firm of W. G. Lee & Co. This was in answer to the direct question asked him by one of them if he was interested in the corn, when he was expressing fears that they would not make anything on it. Craig proved that he was agent for W. G. Lee & Co., and, as such agent, purchased plaintiff's corn after the middle of January, 1865.

If, then, appellant authorized his name to be used as the partner of Lee, and the corn of appellee was sold to them upon the faith that appellant was a partner, and, as such, bound for the price, he shall not be permitted to disprove the fact which he has admitted, and thereby induced appellee to sell her corn to them. (1 *Greenleaf, sec.* 207.)

Lee testifies that Walrath never was a partner of his in the purchase of corn, nor in the transaction of any business; but does not testify that *he never said he was his partner*, or did not so represent himself in making said purchases.

The facts stated by Lyon were not connected with the transactions out of which this controversy arose, were irrelevant, and properly rejected, because they were incompetent. And as the result would not be changed by the evidence of Lee, appellant is not prejudiced by the ruling of the court below in rejecting it.

No available error appearing in the proceedings, the judgment must be *affirmed*.