## NATHANIEL B. SELLECK *vs.* RUFUS B. RUSCO.

*R*, a resident of the state of New York, a few days before his death gave the defendant an order on a savings bank in this state for the amount standing to his credit there, and delivered to him his bank book. After *R's* death the savings bank, upon the defendant's application, and upon the request of *R's* executor in the state of New York, paid the amount due on the bank book to the defendant. A question was afterwards made as to whether the defendant was entitled to the money. Held that, as it was paid to him at the request of the executor and he received it as his own and not as a part of the assets of the estate, he had not made himself executor in his own wrong.

The rightful executor, though without official authority in this state, could lawfully receive into his possession assets here if voluntarily paid or delivered to him, and had authority to approve the payment of the money by the savings bank to the defendant.

Where a judgment is divisible, so that an erroneous part can be distinguished from the rest, it may be reversed on a writ of error for the erroneous part and affirmed for the rest.

And the same rule is to be applied where the error is in a ruling as to evidence, and the ruling has not affected the facts on which the judgment rests.

The court below made a finding of the facts and upon it rendered judgment for the defendant. The court had ruled out certain evidence offered by the plaintiff that went to show that the defendant was not entitled to the money in the savings bank, and that it was a part of the assets of the estate. The plaintiff was a creditor of the estate and sought to charge the defendant as an executor in his own wrong. Held that, as the defendant could not be so held, whether he was entitled to the money or not, since it was paid over to him at the request of the foreign executor, the error, if it existed, did not affect the facts on which the judgment rested, and so was not a ground for reversing the judgment.

The rule adopted by this court in 1807, that bills of exceptions should not be allowed, but that motions for new trials should be allowed in their place, was intended to save the necessity of reversing judgments upon grounds not materially affecting the merits of a case, a motion for a new trial addressing itself to the discretion of the court.

But the special findings of facts that are frequently made by the courts, and which they are now by statute required to make at the request of either party, generally state the rulings of the court that are excepted to, and thus the party aggrieved by the judgment has substantially a bill of exceptions on which to found proceedings in error. This practice is one of convenience and should be allowed; but this court will treat all questions as to the admissibility of evidence that are presented by such findings and brought up by a writ of error or motion in error, precisely as it would have treated them if brought up by a motion for a new trial.

ASSUMPSIT, brought to the Superior Court in Fairfield

County. The plaintiff held by assignment sundry claims against the estate of Noah Rusco, deceased, and sued the defendant as his executor, claiming upon the facts proved that he had made himself executor in his own wrong. The case was tried to the court on the general issue before *Hovey*, *J.*, who made a special finding of the facts and rendered judgment thereon for the defendant. The plaintiff brought the case before this court by a motion in error. The points of law decided by the court will be sufficiently understood without a statement of the facts.

*W. F. Taylor* and *L. D. Brewster*, for the plaintiff.

*J. H. Perry*, with whom was *A. B. Woodward*, for the defendant.

GRANGER, J. The question in this case is, whether upon the facts found the defendant can be charged as executor in his own wrong, by reason of his drawing from a savings bank a sum of money which had belonged to Noah Rusco, the deceased, and which it is claimed was a part of the assets of his estate. The Superior Court held that he was not so chargeable, and the plaintiff brings the case before this court by a motion in error.

By the finding it appears that Noah Rusco, on the 8th of December, 1875, twenty-six days before his death, signed by his mark an order on the Norwalk Savings Society in favor of the defendant for $4,481.12, with the accrued interest thereon, being a deposit made by him some time before in the savings bank, and delivered the order and his deposit book to the defendant, who a few days after his death drew out the money.

It is also found that Noah Rusco lived in Lewisboro, in the state of New York, and there died, and that he left a will, by which he made James Wakeman his executor, that Wakeman accepted the trust and has ever since acted as executor, and that the savings bank paid over the money to the defendant upon the order, "with the approval and at the request of the said Wakeman as executor."

The acts by which a person may make himself chargeable as executor in his own wrong, are acts of such a character as to indicate that he is possessed of authority to administer upon the estate. "The material fact to be found is that the party has intruded into the office of executor, and this may be inferred from such acts as are lawful for an executor alone to do, such as collecting, releasing and paying debts, or any other acts evincing a claim of right to dispose of the effects of the deceased." *Bennett* v. *Ives*, 30 Conn., 333. The defendant in this case did not, according to his claim, receive this money from the savings bank as money due the estate, but as his own; and it was paid to him by the bank at the request of Wakeman, the rightful executor. Indeed it can hardly be said that the defendant collected the money from the savings bank at all. It was substantially a delivery of the amount to the rightful executor, and a delivery by him to the defendant. It is very clear that the executor had a right to receive in this state any assets of the estate voluntarily delivered to him, and that, so long as creditors here did not interpose to prevent it, the payment of the money to him in this case would have been a lawful payment by the savings bank, and there can be no substantial difference between a payment made directly to the executor and one made at his request to the defendant. We think it clear that the act of the defendant in receiving the money was not, in the circumstances, such an act of intermeddling with the assets of the estate as made him liable as executor in his own wrong.

It is found that Floyd T. Rusco, a devisee under the will of Noah Rusco, and a creditor of the estate, on the 26th of April, 1876, released to the defendant, for the consideration of twelve hundred and fifty dollars, all his claim upon and interest in the estate. The said Floyd was called as a witness by the plaintiff on the trial, and was asked by the counsel of the latter whether, at the time of this transaction, this savings bank money was spoken of and treated as assets of the estate and whether it entered into the consideration of the release. This question, the defendant objecting, was ruled out by the court. The plaintiff had claimed that Noah Rusco, at the

time he gave the order to the defendant, was in a feeble condition, from a hurt received and from which he died, and was therefore not able to act understandingly in the matter, and that the defendant had no legal right to the money upon the order so obtained. The object of the inquiry was, apparently, to show that the defendant at the time of the purchase of Floyd T. Rusco's interest admitted that the money was a part ·of the assets of the estate, and therefore not his by force of the order, an admission which would have been directly against the claim he was now making. It is difficult to see why such a declaration on the part of the defendant would not have been admissible against him.

But it is not necessary for us to decide this point, because, if the court erred in excluding the evidence, the case must yet on other ground be decided in favor of the defendant. As we have already shown, the receiving of the money by the defendant from the savings bank, the payment being made by the bank at the request of the rightful executor, and the defendant receiving it as his own and not as assets of the estate, can not make him executor in his own wrong. And this would be the only result even if the evidence had been admitted and the court had upon it found that the defendant had no right to the money.

The case comes before us on a motion in error. While it is a general rule that, on a writ of error or motion in error, any error apparent on the record is fatal to the judgment, yet it must be an error that has entered into the judgment. It has always been the rule that where a judgment is divisible that part of the judgment into which the error has not entered may be affirmed. *Welles* v. *Fowler*, Kirby, 236; *Dixon* v. *Pierce*, 1 Root, 138; *Sherwood* v. *Sherwood*, 32 Conn., 2. Common sense would equally require that an error which does not touch those facts of a case upon which alone the judgment rests, should not be allowed to affect the judgment. Thus, in assumpsit upon a note the defendant may deny the execution of the note, and may also plead a discharge; and in such a case the court may find the facts and from the finding it may appear that the court erred in

excluding evidence offered by the plaintiff to prove the execution, while the fact of the discharge may have been fully proved and directly found. In such a case, if the record were brought up by a writ of error, it would be absurd to reverse the judgment on the ground of the error, when the case must necessarily be decided for the defendant upon the discharge. The authorities fully sustain this view. *Walrath* v. *Viley*, 2 Bush, 478; *Billingsley* v. *State Bank*, 3 Ind., 375; *Bunting* v. *Young*, 5 Watts & Serg., 188; *Deford* v. *Reynolds*, 36 Penn. S. R., 325; *Union Bank* v. *Planters' Bank*, 9 Gill & J., 439; *Osborne* v. *Tunis*, 1 Dutch., 633.

And while it is not necessary to decide whether there was error in the exclusion of the evidence offered by the plaintiff, it is also unnecessary to decide whether the question as to that error can be made on a motion in error. It has been repeatedly held by this court that a motion in error is not the proper mode of bring up questions with regard to the admissibility of evidence, but that a motion for a new trial is the only proper mode. *Tolland* v. *Willington*, 26 Conn., 581; *Ward* v. *Donovan*, 45 Conn., 559. This is a matter of practice wholly, and is founded upon the rule adopted in 1807, that bills of exceptions should not thereafter be allowed, but that motions for new trials should be allowed in their place. *Zaleski* v. *Clark*, 45 Conn., 402. This rule was adopted because motions for new trials addressed themselves to the discretion of the court, and a new trial could be refused, although the motion showed there had been error, where the error was one that the court could see was not material. As errors of the court in its rulings could be brought upon the record only by a bill of exceptions, the rule refusing such bills of exceptions necessarily kept the case out of the reach of a writ of error. But there has grown up a practice in the courts, not merely of making a finding of the facts in cases tried to the court, (which they are required by statute to make at the request of either party, and which are made a part of the record,) but also in the finding to state the rulings of the court upon the admission or rejection of evidence. This is often a great convenience to the parties, and seems to

meet with general favor. But by reason of it the rulings of the court, which it was the object of the rule to keep from the record, are brought upon it, and there is no rule which forbids a party aggrieved bringing a writ of error upon the record, and no rule which takes this class of errors out of the operation of the writ of error. If the evil is to become a serious one a rule of the court can be made which will obviate it. But even without a special rule, we think that the one so long ago adopted, and in which the profession has acquiesced so long, should be applied to questions of evidence presented by such findings, namely, that while the court will not allow them to be raised by bills of exceptions, it will treat them, when presented by the finding, as questions subject to the rules applicable to motions for a new trial, and to be considered and treated precisely as they would have been if brought up by a motion for a new trial. In every case where such questions are presented by a finding of the court, they are so presented for the convenience, and presumably at the request of counsel, and no injustice is done in treating them as submitted to the consideration of this court upon the same principles upon which they would have been submitted by a motion for a new trial.

There is no error in the judgment complained of.

In this opinion the other judges concurred.