JOSEPH B. MORSE, TRUSTEE, *vs.* BROWNLEE ROBERTSON WARD ET ALS. (JOSEPH B. MORSE, TRUSTEE, APPEAL FROM PROBATE).

Third Judicial District, Bridgeport, October Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A decree touching separate and distinct matters, if erroneous as to one of them only, may be upheld as to the others.

A decree of a Court of Probate required a trustee to file his final account, and to turn over the balance of the fund to a certain person named therein. *Held* that these orders were separate and distinct, and that the one relating to the final account was valid and legal, even if, as the parties agreed, the Court of Probate exceeded its powers with respect to the other.

The broad general authority conferred upon Courts of Probate to require testamentary trustees "to account for and concerning the estates intrusted to their charge" (General Statutes, § 191), is not limited or restricted by the provision in § 383, that such trustees shall file annual accounts.

The "final account" of a testamentary trustee necessarily precedes the disposition of the trust fund, and does not involve a determination of those who are to take it thereafter, though when those are known the trustee may make distribution to them and file a report thereof.

Morse *v.* Ward.

The jurisdiction of the Court of Probate over a testamentary trust fund and of the accounts of the trustee, continues until the approval of the final account, the ascertainment of those who are to take the trust property, and the return of its distribution to them by the trustee has been filed and accepted.

A testamentary trustee cannot justify his disobedience of an order of court requiring him to file his final account, merely because the order also directed him to turn over the fund to one to whom, as the trustee was advised by counsel, it did not belong; as his first duty is obedience and an appeal from the decree affords him ample protection.

Argued October 26th—decided December 15th, 1917.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Bridgeport removing him as trustee under the will of Lucinda J. Ward of Bridgeport, deceased, taken to and tried by the Superior Court in Fairfield County, *Curtis, J.;* facts found and judgment rendered setting aside the order and decree of the Court of Probate, and appeal by the defendant Brownlee R. Ward. *Error and judgment reversed.*

Lucinda J. Ward died in Bridgeport on April 14th, 1901, leaving a will and codicil, which were duly admitted to probate, in which the bulk of her estate was left in trust for the benefit of her three designated sons, and upon the death of the last survivor of these three the trustees were required to pay over the trust estate to "the heirs at law of my said three sons according to the laws of distribution of intestate estates in the State of Connecticut."

The plaintiff, Morse, was one of the trustees named under this trust, and duly qualified, and continued as such trustee until removed as hereinafter set forth.

The last surviving son died on March 16th, 1916, and on May 18th, 1916, Brownlee R. Ward brought his application to the Court of Probate for the district of Bridgeport, and upon hearing thereon the court

ordered that the trustee make his final accounting on or before June 10th, 1916, and turn over and distribute the trust fund to the applicant.

Morse did not file any account of his trust, and on June 17th, 1916, the Court of Probate ordered Morse to appear on June 22d, 1916, and show cause why he should not be removed. Morse filed a response to the order to show cause, setting up that he had been advised by counsel that he could not distribute the estate or pay over the corpus thereof to any person without having had the advice of the Superior Court as to the construction of the will and a determination to whom the estate should pass; and, further, that he proposed to procure such adjudication, and, within the time limited by statute, to appeal from the order determining to whom the estate should be distributed and requiring him to distribute and pay over the entire corpus of the trust to Brownlee R. Ward. The trustee further alleged that the Court of Probate was without legal authority to order an accounting by him, in addition to those already filed, until the time fixed by statute for the annual accounting.

Morse had been so advised by counsel; and prior to June 3d, 1916, and on this day, the trustee stated to the court the ambiguity of the will and the divergent claims made by Brownlee R. Ward and Harriet M. Ward, and his purpose, by advice of counsel, to seek a construction of the paragraph in dispute.

On July 3d, 1916, Morse filed, under protest, an account of all his doings as trustee between the date of his last account, approved of by the court, and up to March 16th, 1916, the date of the death of the last surviving beneficiary under the will. In his response Morse reserved the right to question the power of the court to order such accounting.

On the third day of July, Morse appeared before the

Court of Probate and admitted that as such trustee he had subsequent to March 16th, 1916, received and disbursed assets of the trust estate, but declined to render, and has not since rendered, any account thereof.

On July 10th, 1916, the Court of Probate, after hearing had, found that the trustee had disobeyed its order to file his final account as trustee, in that he had submitted an account which was not final and did not show the entire debit and credit items of the trust fund subsequent to February 7th, 1916, and thereupon passed an order removing Morse as trustee, and appointed a trustee in his stead.

Morse believed the orders of June 3d were indivisible orders, and in what he did acted under advice of counsel and in good faith. On July 3d, 1916, Morse, trustee, appealed, and the widow of the last survivor, Harriet M. Ward, appealed from the decree ordering the trustee to turn over to Brownlee R. Ward the entire trust estate.

*William H. Comley, Jr.,* for the appellant (defendant Ward).

*Robert H. Gould,* for the appellee (plaintiff).

WHEELER, J. The parties agree that the Court of Probate exceeded its powers in ordering the delivery of the residue of the trust estate to Brownlee R. Ward, when the trustee and one of the claimants to the fund had made clear their intention to procure a construction of the will in order to determine who was entitled to the fund. Whether under other circumstances the court might have issued this order, we need not now inquire.

The court decreed (1) that the trustee file his final account, and (2) that he pay over the trust estate to

Brownlee R. Ward. The trial court held that the orders of this decree were indivisible, and as one part was bad the whole was bad. If the decree was entire, the trial court was correct in its conclusion: if the decree was divisible, that part into which the error did not enter is good. *Selleck* v. *Rusco,* 46 Conn. 370, 373.

We think the court was in error in holding the parts of the decree indivisible. The subject-matters incorporated in this decree are entirely separate; each is independent of the other, and neither has relation to the other. While the two subjects are grouped in one decree, they are in form as separated as if they had been separate decrees instead of separate orders in one decree. No practical difficulty is apparent which would prevent the sustaining of one part of the decree as legal while holding another part illegal.

The trustee further claims that under General Statutes, § 383, the Court of Probate had the power to require of him as testamentary trustee the filing of an annual account, and that its power, except as to the filing of a final account, was exhausted by the requirement of the annual account, and as no annual account was due from him he was not in default.

The General Assembly, in 1881 (Public Acts of 1881, Chap. 36), conferred upon the Court of Probate for the first time the power to compel testamentary trustees to account, and to adjust and allow their accounts. Later, Chapter 110 of the Public Acts of 1885 specifically imposed upon the court the duty of requiring the filing of annual accounts by such trustees. In the Revision of 1902, § 191, Courts of Probate are given power to call trustees "to account for and concerning the estates intrusted to their charge," while § 383 imposes upon the court the duty of requiring annual accounts and specifies what they shall embrace. We think the broad provision of the Act of

1881, retained in General Statutes, § 191, by itself gave the Court of Probate complete power, in the exercise of its reasonable discretion, to call upon the trustee at any time to file an account of his trust. General Statutes, § 383, was intended primarily to impose upon the trustee the statutory duty of filing his account annually, and upon the court the duty of seeing that this requirement was observed. It did not add to the power already possessed by the court, nor limit its power to require the filing of such accounts at its discretion. It merely provided for the filing once a year of an account. In ordinary cases this would be a sufficient supervision, but cases will arise which will make it indispensable that the court shall exercise its supervisory power over testamentary trustees by requiring additional accounts. It is not to be supposed that it was intended to leave such trusts and such trustees free from the supervision of the court in the period between annual accountings.

The trustee further claims that the decree of the court called for the filing of a final account, and that this order was pursuant to the provisions of Chapter 125 of the Public Acts of 1911, and that a final account is one which specifies to whom the trust fund is payable, and that Morse could not be compelled to file a final account until some court of competent jurisdiction had determined to whom the trust estate was payable. Public Acts of 1911, Chapter 125, specifically vests in the Court of Probate jurisdiction over the final accounts of testamentary trustees, and authorizes it "to hear, allow, and settle such final accounts." Whether this added anything to the power conferred by the Act of 1881, may be open to question, but together they settle beyond dispute the right of the Court of Probate to pass on all final accounts.

The trustee now insists that a final account is the

final conclusive step preliminary to distribution, and cannot be required until "there has been a final determination of the residuary heirs and when ordinarily all other steps in administration have been taken," and should include a "payment or delivery of the property over to the persons entitled to it." This involves a contradiction. The account must precede the distribution, and upon its allowance the amount remaining for distribution is first known. When those to whom the trust belongs are known, the trustee may, after his final account, make distribution to these beneficiaries and thereafter file his account showing such payments. The account which precedes distribution is in our practice called a final account, and it was in such sense the statute of 1911 uses the term final account, and in such sense the Court of Probate used this term in its order. And it precedes and is the basis for the order of distribution. *Bancroft* v. *Security Co.*, 74 Conn. 218, 223, 50 Atl. 735.

Protesting the court's power to order him to account, the trustee filed an account of his trust from the date of his last annual account up to March 16th, 1916, the date of the death of the last of the *cestui que trust.* He refused to file his account beyond this date upon the theory that the court had no jurisdiction over the trust after that date. That is a palpably erroneous position. The court had control of the trust until the trustee had had his account approved, the persons to whom the trust estate should be turned over ascertained, and the trustee's return of the distribution made had been approved.

The trustee was ordered to file his final account on June 10th, 1916. Reasonable compliance with that order required that he file his account of the condition of the estate down to substantially June 10th, 1916. The account filed did not represent the condition of

Seymour *v.* Norwalk.

the estate on June 10th, 1916, for the trustee admittedly received income and made disbursements after March 16th, 1916. The order of the Court of Probate, that the trustee file his final account, was made within the court's jurisdiction and in the performance of its statutory duty. The trustee refused to comply with the order. He is not relieved from the burden of his default by having acted in good faith and upon the advice of counsel. Obedience to the order of the court was the trustee's first duty. An appeal would have protected his every right.

There is error, the judgment is reversed and the cause remanded with direction to the Superior Court to enter judgment in favor of Brownlee R. Ward on the appeal from probate.

In this opinion the other judges concurred.