BERTON GWYNN *v.* LAWRENCE M. TIERNEY, EXECUTOR (ESTATE OF CORA E. WAIZENEGER)

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 7—decided December 24, 1951

*Charles G. Albom*, with whom, on the brief, was *Nelson Harris*, for the appellant (plaintiff).

*David M. Reilly, Jr.*, with whom, on the brief, was *David M. Reilly*, for the appellee (defendant).

O'SULLIVAN, J. The finding is not subject to correction. It recites the following facts: Cora E. Waizeneger, late of West Haven, died testate on August 9, 1949. Her will was admitted to probate on August 22, 1949, in the Court of Probate for the district of West Haven. The defendant is the executor of the will. On August 22, the Court of Probate entered an order that the succeeding six months be limited for the presentation of claims against the estate.

The plaintiff has been a resident of Florida since 1930. On February 14, 1950, he wrote to the clerk of the court for information about the will of the testatrix. His letter concluded with the statement that he was to share in the estate. On February 18, the clerk replied that the will had been "admitted to probate . . . August 15, 1949," and that the defendant, who was acting as executor, was the person to whom the plaintiff should communicate for further particulars. The plaintiff was further advised that he was not named as a beneficiary in the will. On April 20, he sent another letter to the clerk, requesting a certified copy of the will. On April

24, the clerk wrote that such a copy would cost $3.75. On April 27, the plaintiff sent a money order for that amount, and on May 3 a certified copy was forwarded to him. He did not file a claim against the estate within the time limited, and he did not mention in any of his letters that he had such a claim.

On June 29, 1950, the plaintiff, acting through local counsel, filed with the Court of Probate an application to "extend the time for limiting claims to one year after the date of the appointment of the executor." In his application, the plaintiff recited that he had "recently come to Connecticut to protect his interest." A hearing on the application was assigned for July 10. The plaintiff did not appear in person, no deposition was received from him, and no evidence was offered in his behalf. His counsel, however, was present and informed the court that the plaintiff's residence in Florida made a trip to Connecticut difficult, but that if the extension requested was granted the plaintiff would be prepared to offer proof of the validity of his claim. The Court of Probate denied the application. The plaintiff appealed to the Superior Court, which dismissed the appeal. From the judgment entered thereon, he has appealed to this court.

The statute provides that the Court of Probate may fix a time of not less than six nor more than twelve months within which to present claims against the estate of a deceased person. General Statutes § 6990. It further provides that, for cause shown upon hearing, the court may, under certain circumstances, extend the time originally fixed. We need not inquire whether cause was shown in the case at bar, since the plaintiff failed to meet another requirement, laid down in the cases construing the statute.

The question with which a Court of Probate is confronted upon an application for an extension of the

time in which to file a claim is not whether the claim should be allowed but merely whether its presentation should be permitted. Nevertheless, any applicant must show a claim "prima facie of sufficient apparent merit to justify its presentation so as to open its validity to subsequent inquiry and decision." *Wright* v. *Wright*, 121 Conn. 115, 118, 183 A. 410. There was nothing submitted to the Court of Probate to indicate that there was any merit to the plaintiff's claim. The failure of the plaintiff to offer, by deposition or otherwise, any evidence indicating that his claim had apparent merit justified the Court of Probate in refusing to extend the time limited.

In determining whether the application should be granted, the Court of Probate was exercising a discretion. The Superior Court, on appeal, could go no further than to determine whether that discretion had been legally and reasonably exercised. *Richey* v. *First National Bank & Trust Co.*, 123 Conn. 360, 362, 195 A. 732; *Reiley* v. *Healey*, 122 Conn. 64, 79, 187 A. 661. It correctly held that the Court of Probate had acted neither illegally nor unreasonably.

There is no error.

In this opinion the other judges concurred.