ELLENA P. CRANE *v.* MARY E. MANCHESTER,
EXECUTRIX (ESTATE OF LUCY J. MEEKER)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 2—decided October 30, 1956

*Charles G. Albom,* with whom, on the brief, were
*Nelson Harris* and *Joseph R. Apter,* for the appel-
lant (plaintiff).

*J. Stephen Knight,* for the appellee (defendant).

WYNNE, J. The only question presented on this appeal is whether the Probate Court for the district of New Haven acted in abuse of its discretion in entering an order of approval of the sale of real estate which had belonged to the decedent.

The following facts appear from the finding, which is not subject to correction. Mary E. Manchester, an attorney at law, was the duly appointed executrix under the will of Lucy J. Meeker, late of New Haven. Included in the assets of the estate was a residence located at 30 Cleveland Road, New Haven. On April 25, 1955, the executrix entered into a contract with The William T. Beazley Company, which was engaged in the real estate business, regarding the sale of this residence. The company placed a sign on the property, advertised it and listed it with the New Haven real estate board. The property was shown to between forty and fifty prospective customers. Finally Vincenza P. Demmons made an offer of $17,000 for it. This was the highest offer received apart from one that had been rejected for credit reasons. The executrix decided to accept the Demmons offer. On August 12, 1955, she applied to the Probate Court for authority to sell the property in accordance with the offer. A hearing was held on this application on the morning of August 29, 1955. The executrix was present with her attorney. Attorney Nelson Harris was also present, acting as attorney for the plaintiff in this appeal and also for Concetta Barone. He stated that he had an offer of $17,500 for the property from Concetta Barone. There followed a discussion which terminated in an agreement that sealed written offers should be submitted. At about 2 p.m. the matter was again taken up. An attorney representing Vincenza P. Demmons was present. On behalf of his client he submitted a

sealed written offer for the property in the amount of $17,600, with a deposit of $500. The only other sealed written offer was one submitted by Harris on behalf of Concetta Barone in the amount of $17,500, with a deposit of $500 by check of Harris Developing Associates. An attorney from Harris' office was present. The judge of probate stated that he would enter an order approving the proposed sale for $17,600 to Vincenza P. Demmons. Later in the afternoon, the attorney from Harris' office appeared in the Probate Court and orally stated that he would like to amend the $17,500 offer to one for $17,700. He was told by the judge that the matter was closed.

On the foregoing facts, the Probate Court made an order dated August 30, 1955, authorizing the sale of the property for $17,600. The plaintiff, who is a grandniece and heir at law of the deceased, has appealed from this order. The gist of the appeal is that the offer of $17,600 was made through the office of the Beazley Company, which would be entitled to, and would make a claim for, a broker's commission. In the reasons for appeal, it was alleged that the offers of Concetta Barone were cash offers and no broker's commission was involved.

The applicable statutes are § 7022 of the General Statutes and § 2939d of the 1955 Cumulative Supplement. Section 7022 provides that the Probate Court, after a hearing on an application for the sale of real estate, may, "if it finds that to grant such application would be for the best interest of the parties in interest," authorize the sale. Section 2939d provides that the court shall direct whether the sale shall be public or private and, if private, may, "if it appears for the best interests of the estate, determine the price and the terms . . . as it considers

reasonable and advisable." In *Kaskel* v. *Steinberg,* 142 Conn. 379, 114 A.2d 853, we gave tacit approval to a procedure that was essentially the same as the one used by the Probate Court in the instant case in determining what appeared to be in the best interests of the estate. The sealed bid procedure was in no sense other than an attempt to be fair to the two parties who had appeared at the hearing on the application for the approval of sale. The case is clearly distinguishable from *Offredi* v. *Huhla,* 135 Conn. 20, 60 A.2d 779. We held there (p. 23) that a sale the terms of which were arrived at by sealed bids was not a public sale. In the instant case, the court had not ordered the sale to be by way of public sale. All the court did was to approve a private sale, the terms of which had been arrived at by way of sealed bids. In *Gwynn* v. *Tierney,* 138 Conn. 425, 428, 85 A.2d 250, we held that the Superior Court, on an appeal in a matter similar to this, could go no further than to determine whether a discretion had been legally and reasonably exercised. In the instant case, it was held that the Probate Court had acted neither illegally nor unreasonably.

It certainly does not appear that the plaintiff could speak for the Beazley Company in asserting that the offer made on behalf of Concetta Barone was not subject to a commission. The Probate Court was amply justified in the ultimate conclusion which is inherent in the case—that someone would come forward and claim a commission if the offer of Concetta Barone was accepted.

There is no error.

In this opinion the other judges concurred.