HOWARD A. WILLARD, JR., ET AL. *v.* THOMAS C. McKONE, GUARDIAN AD LITEM, ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 9—decided July 20, 1967

*Bruce W. Manternach,* with whom, on the brief, were *Colin C. Tait* and *James A. Wade,* for the appellants (plaintiffs).

*Joseph G. Lynch,* with whom, on the brief, was *George D. Royster, Jr.,* for the appellees (defendants).

House, J.  On November 22, 1963, the Probate Court for the district of Hartford removed John B. Willard as trustee of a testamentary trust created by the will of Howard A. Willard.  John B. Willard, hereinafter referred to as the trustee, and other adult beneficiaries of the trust appealed the removal order to the Superior Court and have appealed to this court from the judgment of the Superior Court dismissing their appeal.  The only issue on this appeal, therefore, is whether the Superior Court erred in concluding that the Probate Court did not abuse its discretion in ordering the removal of the trustee.  Whether there was adequate ground for the removal of the trustee was a question addressed to the sound discretion of the

Probate Court, and its conclusion could not be disturbed on appeal unless that discretion was abused. General Statutes § 45-263; *Phillips* v. *Moeller,* 148 Conn. 361, 368, 170 A.2d 897; *Peck* v. *Searle,* 117 Conn. 573, 584, 169 A. 602; *Carroll* v. *Arnold,* 107 Conn. 535, 542, 141 A. 657; *Murdoch* v. *Elliot,* 77 Conn. 247, 256, 58 A. 718.

Primary jurisdiction to remove a fiduciary who becomes incapable of executing his trust, or who neglects to perform the duties thereof, or who wastes the estate in his charge is vested in the Probate Court. General Statutes § 45-263. "The Superior Court, on appeal, could go no further than to determine whether that discretion had been legally and reasonably exercised." *Gwynn* v. *Tierney,* 138 Conn. 425, 428, 85 A.2d 250; *Crane* v. *Manchester,* 143 Conn. 716, 719, 126 A.2d 567; *Baldwin* v. *Tradesmens National Bank,* 147 Conn. 656, 659, 165 A.2d 331. This is necessarily so since "to say that the Superior Court on appeal from probate may exercise the discretion committed to Courts of Probate is inconsistent with the principle implicit in the well-established rule that an appeal lies from the exercise of discretion by the Probate Court only in case of abuse of discretion." 1 Locke & Kohn, Conn. Probate Practice § 218, p. 446.

In view of the limited jurisdiction of the Superior Court on such an appeal as this, we are confronted at the start with the problem of what evidence the Superior Court may properly receive. Its function is to determine whether the Probate Court reasonably exercised its discretion under the circumstances. The proceedings in Probate Court hearings are, however, not recorded, and that court makes no finding which the Superior Court may review on appeal. The Superior Court cannot know

what was in the mind of the probate judge or all
the facts which were known and considered by him.
It is for this reason that on such an appeal as this
the trial is de novo, and the Superior Court "may
receive any evidence on matters covered by the rea-
sons of appeal which would be relevant and compe-
tent at the probate hearing." 1 Locke & Kohn, op.
cit. § 213, p. 437; see id. § 186, p. 381.

The plaintiffs have made an extensive attack on
the finding of the court. We particularly note the
confusion concerning the existence of a mortgage as
security for a loan of trust funds which the trustee
made to his wife. In an accounting for the year
ending December 31, 1961, the trustee represented
that the loan was secured by a first mortgage on
her property in West Hartford, and the Probate
Court expressed disapproval of the loan because the
mortgaged property was owned by the trustee and
his wife as joint tenants with the right of survivor-
ship. The record discloses that there was no secu-
rity for the loan despite the contrary representa-
tion in the account. The trial court found that the
trustee represented to the Probate Court that the
loan was secured by a mortgage when in fact it was
not. Under these circumstances, although the trus-
tee's representation was untrue in fact, there is
nevertheless support for the court's conclusion that
the Probate Court, relying upon the misrepresenta-
tion, reasonably could have found that the trustee's
acceptance of a mortgage on real property in which
he had an interest conflicted with his duties as a
trustee. The finding is not subject to any material
correction. See Practice Book § 628; see also such
cases as *Solari* v. *Seperak,* 154 Conn. 179, 182, 224
A.2d 529; *National Broadcasting Co.* v. *Rose,* 153
Conn. 219, 222, 215 A.2d 123.

It is unnecessary to review in detail the court's finding of facts which amply supports its conclusions that the Probate Court could reasonably have found that the trustee failed to obey a decree of the court and that his handling of the estate was lax, unbusinesslike, unwise and not in keeping with normal and acceptable probate practices.

Courts of Probate have primary jurisdiction over the accounts of testamentary trustees. General Statutes §§ 45-4, 45-267; see *Phillips* v. *Moeller,* 147 Conn. 482, 487, 163 A.2d 95. All testamentary trustees, unless excused by the will creating the trust, are required to render an annual account to the Probate Court having jurisdiction. General Statutes § 45-268. The trustee rendered accounts for the years ending December 31, 1959, December 31, 1960, and December 31, 1961. A hearing on the three accounts was held on July 12, 1962, at which time the court raised a number of questions concerning the accounts, and the hearing was adjourned with the understanding that the court would send the trustee a memorandum indicating its wishes with respect to the accounts. This the court did by letter dated August 2, 1962. In the letter the court indicated its approval of the 1959 and 1960 accounts but required, within thirty days, the filing of a substitute account for the year ending December 31, 1961, reflecting the effect of the sale of a house and lot to Albro Case and indicating the repayment of a loan of $10,000 from the trust fund to the trustee's wife. Six months later, on February 5, 1963, the trustee filed a substitute account for the year 1961 which, as we have already noted, misrepresented that the loan to the trustee's wife was secured by a first mortgage on real property located in West Hartford. The court issued a notice of a hearing

on the accounts to be held March 14, 1963. At the hearing, the trustee represented to the court that the loan to his wife was secured by a mortgage when, in fact, this was not so. The court expressed disapproval of the loan from the trust to the trustee's wife, represented as being secured by property in which, it appeared, the trustee had an interest. It also raised a further question about the property sold to Case and the security of a chattel mortgage from Case, that transaction not being covered in the account. The court then adjourned the hearing, stating that a final hearing would be held, probably within two months. On June 18, 1963, the court entered a decree accepting and approving the accounts for 1959 and 1960, but disapproving and disallowing the substitute account for 1961, and ordering the trustee to file a second substitute annual account for 1961 indicating restoration to the trust estate of $9000 in connection with the sale of real estate to Case and restoration of $10,000 to the trust estate resulting from the liquidation of the note from the trustee's wife. No appeal was taken from this decree, and the trustee has not complied with this order of the court.

During the following months there was correspondence between the trustee and the Probate Court in which the court reiterated its requirement that the trustee comply with its decree of June 18. In October, the trustee telephoned to the court and stated that he had liquidated the note of his wife and that he could not file under oath the substitute account ordered on June 18 because the sale of the property to Case had not occurred the way the court assumed it had.

On October 25, 1963, the guardians ad litem for certain minors and undetermined and unborn heirs

conferred with the probate judge and requested that a hearing be set on the removal of the trustee. On November 1, 1963, the court ordered the trustee to appear on November 22 to show cause why he should not be removed as trustee for neglecting to perform the duties of his trust and for failing to file a second substitute annual account for 1961, as ordered in the June 18, 1963, decree. At the hearing the court stated the history of the prior hearings, that its decree of June 18 had not been appealed from and that the trustee had not obeyed the court. It thereupon entered an order finding that the trustee was neglecting to perform the duties of his trust, removing him as trustee and appointing a successor trustee.

In addition to finding that the trustee had failed to obey the order of the Probate Court, the trial court also found that the trustee swore to an accounting which was incorrect and testified under oath to having done so, that he made mortgage loans of trust funds without causing the title of the property securing the loans to be examined, that he made mortgage loans of trust funds without requiring evidence of insurance protecting the trust interest as mortgagee, that he had unduly delayed recording security instruments protecting the trust assets, and that he gave a mortgage loan on property which was subject to mechanics' liens without requiring lien waivers and without making any investigation of the credit standing of the borrower. We cannot agree with the trustee's assertion that these latter findings are irrelevant to the issues on this appeal. The evidence printed in the appendix to the brief of the defendants supports the findings, and we note, inter alia, that the $12,500 mortgage deed from Case dated December 21, 1960, which deed the trus-

tee left with the mortgagor to have recorded, was not recorded until March 23, 1962.

From these facts, the trial court concluded that the Probate Court could reasonably have found that not only had the trustee failed to obey a decree of the court from which no appeal had been taken but the trustee's handling of the trust fund was lax, unbusinesslike, unwise and not in keeping with normal and acceptable probate practices and, accordingly, that there was no abuse of the discretion of the Probate Court in removing him. These were conclusions which the trial court could reasonably draw from the facts which it found.

It is unquestioned that the trustee neither appealed from nor complied with the June 18, 1963, decree of the Probate Court ordering him to file a second substitute account. The order of the Probate Court, that the trustee file a substitute account, was made within the court's jurisdiction and in the performance of its statutory duty. The trustee refused to comply with the order. He is not relieved from the burden of his default by the fact that he did not agree with the reasons for the court's order. "Obedience to the order of the court was the trustee's first duty. An appeal would have protected his every right." *Morse* v. *Ward,* 92 Conn. 286, 293, 102 A. 586. The circumstance that the will gave to the trustee powers to invest trust funds "in his absolute discretion, unrestricted by any legislation limiting the authority of a trustee in investing the properties and funds of his trust" does not excuse him from a full and accurate accounting of his administration nor remove his administration of the trust from judicial supervision. *Phillips* v. *Moeller,* 148 Conn. 361, 371, 170 A.2d 897; *Conway* v. *Emeny,* 139 Conn. 612, 619, 96 A.2d 221.

The remaining contentions of the plaintiffs require little comment. The June 18, 1963, decree was a proper order issued following due notice and a full hearing on March 14, which the trustee attended. As that decree recites, the March 14 hearing "came by adjournment to the present time and place." There is no requirement that parties be present when the court makes its decision and renders its order. The decree was rendered on June 18, following proper notice and the formal hearing held on March 14; accordingly, the thirty-day time limitation for taking any appeal commenced to run on the date the decree was entered. General Statutes § 45-289.

The plaintiffs' assertion that the Probate Court did not afford the trustee a full hearing pursuant to the provisions of General Statutes § 45-263 is not supported by the record. There was conflicting testimony as to what happened at the removal hearing, and the trial court refused to find the facts upon which the plaintiffs' claim is predicated. The question of credibility is for the trier. *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529; *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196.

The trial court could reasonably and logically conclude that the plaintiffs failed to prove that the Probate Court had abused its discretion in removing Willard as trustee.

There is no error.

In this opinion the other judges concurred.