MARK PARADISO ET AL. v. WILLIAM V. GAMBARDELLA, EXECUTOR (ESTATE OF FRANCES L. PARADISO), ET AL.
(9565)

SPALLONE, LAVERY and LANDAU, Js.

Submitted on briefs March 19—decision released May 7, 1991

*Jerome N. Goldstein* and *Donald E. Wetmore* filed a brief for the appellants (plaintiffs).

*William V. Gambardella* filed a brief for the appellee (named defendant).

PER CURIAM. The plaintiffs appeal from the judgment of the trial court dismissing their appeal from an order of the Probate Court. The Probate Court had approved the sale of real property owned by the estate of Frances L. Paradiso.[1] The plaintiffs, Mark R. Paradiso and Maria L. Paradiso, are two of the three children of the decedent. They claim that the trial court (1) improperly affirmed the decision of the Probate Court accepting a sealed bid made on the property by a nonfamily member because the bidding was to be open only to immediate members of the family by order of the Probate Court and because the bid contained conditions and contingencies exceeding those ordered by the Probate Court, and (2) improperly upheld the Probate Court's acceptance of a negotiated bid when the court ordered sealed bids. We affirm the judgment of the trial court.

At trial, it was stipulated that the court should decide the appeal based on the record contained in the court file. That record reveals the following. The decedent left all of her property, both real and personal, to her three children in equal shares. Upon request from the attorney for the estate, the Probate Court directed that

---

[1] The defendants at the trial court were Joyce Paradiso, a child of the decedent, Kevin W. Condon, who was designated by the Probate Court as the committee to sell the subject property, Paul Gambardella, whose bid on the subject property was accepted, and the estate. Only the estate has filed an appearance in this appeal.

there be a private sale of certain real property owned by the estate. The plaintiffs agreed to purchase the property for $131,500 subject to their obtaining a mortgage at prevailing interest rates. Kevin W. Condon, who was designated by the Probate Court as the committee to sell the property, signed a contract of sale with the plaintiffs. The sale, however, was subject to the approval of the Probate Court. Upon review, the Probate Court refused to authorize the sale because not all of the interested parties understood or were advised that bids would be accepted or acted on. The court directed that the bidding process be reopened in a private sale open to the immediate members of the family, including the three children and Paul Gambardella. The conditions of the sale were that the bids must have been received by 5 p.m. on November 20, 1989, accompanied by a 5 percent deposit, and that the deposit funds and purchase funds paid at the closing come from sources independent of the estate. This invitation for bids did not direct a closing date nor did it preclude a mortgage contingency clause.

The bids were opened by the committee on November 20, 1989. The plaintiffs bid $140,720.29 with a closing date of December 20, 1989. Gambardella bid $141,651.01 with a closing date of February 28, 1990, contingent upon the receipt of third party financing at 9.75 percent. The committee decided to sell to Gambardella, the highest bidder, on the condition that the closing of title take place on or before December 20, 1989, and indicating that if Gambardella was unable to close by that date, the property would be sold to the plaintiffs at their bid price. The committee's decision to accept Gambardella's bid was based on the purchase price and overall benefit to the estate. On December 13, 1989, the Probate Court approved the sale and the plaintiffs appealed.

It is clear from a review of the file in this case that the Probate Court directed that there be a private sale of the property open to the immediate family members and Paul Gambardella. The plaintiffs first claim is therefore factually inaccurate and without merit.

The terms of sale regarding a closing date and a standard mortgage contingency clause did not violate the conditions of sale as set forth by the Probate Court. Nor did the imposition of those conditions on the highest bidder exceed the statutory authority granted to the Probate Court or result in a negotiated sealed bid. General Statutes § 45a-164 (a) (formerly § 45-238) authorizes the Probate Court to direct the sale of any real property of an estate "if the court finds it would be for the best interests of the parties in interest . . . ." The Probate Court determines whether the sale shall be public or private and, if a private sale is directed, the court may "determine the price and the terms of the sale, including purchase money mortgage or mortgages, as it considers reasonable and advisable." General Statutes § 45a-166 (a).

The Probate Court did not abuse its discretion in authorizing a private sale of the property for the amount of the highest sealed bid and in approving that sale upon reasonable terms in the best interests of the estate.

The judgment is affirmed.