[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION
In a motion dated February 17, 1994, the plaintiff, pursuant to General Statutes § 52-278k, sought modification of a prejudgment remedy attachment. The plaintiff brought the motion after obtaining a judgment at trial against the defendant because the defendant had filed a notice of appeal. On April 20, 1994, the court denied the motion without written decision. On May 4, 1994, the plaintiff filed a motion for articulation, seeking the court's reasons for denying the motion for modification. The plaintiff noted that the only case on point, Brookfield v.Greenridge, Inc., 35 Conn. Sup. 49, 393 A.2d 1316 (1977), permitted the postjudgment modification of a prejudgment remedy where an appeal was taken from the judgment.
A motion to articulate is provided for under the rules of appellate procedure, Practice Book § 4051. It is properly used to ensure that the record from the trial court is adequate for appellate review. Barnes v. Barnes, 190 Conn. 491, 493,460 A.2d 1302 (1983); Manchester v. Zoning Board of Appeals,18 Conn. App. 69, 70 n. 1, 556 A.2d 1026 (1981). While the motion may be used where a trial court's decision is unclear, it may not be used to change a court's decision or reasoning. Emanuelson v. Emanuelson,26 Conn. App. 527, 531, 602 A.2d 609 (1992). It is therefore CT Page 6028 clear that a motion to articulate is proper only where the trial court's decision is appealable.
 Not all orders to grant or deny a motion to modify a prejudgment remedy are final judgments. A defendant may bring a motion for modification of a prejudgment remedy pursuant to either of two statutes: General Statutes § 52-278e, or General Statutes § 52-278k. . . . An order modifying a prejudgment remedy pursuant to § 52-278e is an appealable final judgment. . . . An order modifying a prejudgment remedy pursuant to a motion brought under § 52-278k is a nonappealable interlocutory order because it is not within those orders listed as final judgments for purposes of appeal under General Statutes § 52-2781 (a).
(Internal quotation marks omitted.) Gibbs v. Mase, 11 Conn. App. 289,293, 526 A.2d 7 (1987); see also City Nat'l Bank v. Davis,181 Conn. 42, 44-46, 434 A.2d 310 (1980) (analyzing difference between §§ 52-278e and 52-278k).
It is found that the seven day limitation on bringing appeals imposed under § 52-278l does not apply to the present case. It is also noted that an appeal cannot be taken from the court's denial of the motion for modification pursuant to § 52-278k because the denial is an interlocutory order. Thus, it is clear that a motion for articulation is not appropriate. Further, even if the motion for articulation were appropriate, the court may not change its earlier decision.
However, if a motion for reconsideration or reargument were filed, the court could decide to grant the modification. Although no Practice Book or statutory provision authorizes a motion for reargument or reconsideration, such motions have been recognized and allowed in the discretion of the court. Renz v.Planning Zoning Commission, Superior Court, Judicial District of Fairfield Bridgeport, CV91 0284788 (October 19, 1993, McKeever, J.); Anderson v. Shapiro, 2 CSCR 887 (July 29, 1987, Licari, J.). "The court is not precluded from reexamining its own decision, within a reasonable time after their [sic] rendition, if it appears that otherwise injustice may result because of oversight in a material issue of fact or law." Renz v. Planning ZoningCT Page 6029Commission, supra.
In the present situation, where the plaintiff has shown that there is law to support its motion that the court was previously not aware of, a motion for reconsideration is the appropriate means by which to remedy this situation.