[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 13, 1995
The plaintiffs, Edward J. Marks and Tamara J. Marks, brought this appeal from the decision of the Probate Court (Hall, J.) to allow the sale of real property owned by the defendant, Estate of Mary Hutchinson ("Estate"), to defendants, Gordon J. Anderson and Edward J. Raymond, on March 18, 1994. On October 7, 1994, this court denied the Markses' motion for summary judgment and granted Anderson's and Raymond's cross motion for summary judgment on the grounds that the Probate Court did not act arbitrarily, unreasonably or illegally in approving the sale of the property.
The Markses argue that the court applied the incorrect standard of review in ruling on the motions. They suggest that a plenary de novo standard of review should have been applied by this court as opposed to the limited review conducted. The Markses also attempt to raise for the first time in their motion for reconsideration and reargument a factual issue concerning whether Anderson's and Raymond's bid on the property expired prior to its acceptance by the Probate Court.
The granting of a motion for reconsideration and reargument is within the sound discretion of the trial court. Heyman Associates v. Insurance Company ofPennsylvania, Superior Court, JD of Hartford/New Britain at Hartford, DN 397087, 9 CONN. L. RPTR. 121 (May 20, 1993) (Dunn, J.), citing, Lapuk v. Blount,
2 Conn. Cir.Ct. 271, 283, 198 A.2d 233 (App.Div.), cert. denied, 151 Conn. 726, 197 A.2d 941 (1963). "The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise injustice may result becauseof oversight in a material issue of fact or law." (Emphasis added.) Braunstein Todisco v. Bossom, 11 CONN. L. RPTR. 600, 9 CSCR 642 (June 7, 1994) (McGrath, CT Page 914 J.). In the present case, there has been no "oversight in a material issue of fact or law." Id.
The Markses' contention that the Probate Court's ordering of the sale of the Estate's real property pursuant to General Statutes Sec. 45a-164 should be reviewed denovo is not supported by the case law. "In Crane v.Manchester 143 Conn. 716, 719, 126 A.2d 567, it was expressly held that an order for the sale of real estate under Sec. 45-238 [the predecessor statute to section45a-164] lay within the discretion of the probate court and that on the appeal the superior court could go no further than to determine whether that discretion had been legally and reasonably exercised." Prince v. Sheffield,158 Conn. 286, 293, 259 A.2d 621 (1969); see alsoParadiso v. Gambardella, 24 Conn. App. 582, 585,590 A.2d 978, cert. denied, 219 Conn. 912, 593 A.2d 135
(1991) (applying abuse of discretion standard of review to Probate Court's actions under section 45a-164).
This court did not commit an oversight or error of law in applying the deferential standard of review in ruling on the original motions for summary judgment. Therefore, reconsideration of the prior ruling is inappropriate.
The Markses also raise for the first time in their motion for reconsideration and reargument the issue of the expiration of Anderson's and Raymond's offer to purchase the property. Since the expiration argument was not raised in the original motion for summary judgment, the court deems it waived. See Heyman Associatesv. Insurance Company of Pennsylvania, supra. (In ruling on a motion for reconsideration and reargument the court held that "by failing to raise the legal issues . . . which existed at the time that the plaintiff filed its motion for summary judgment, the plaintiff has waived these issues for consideration by the court.")
Furthermore, the Markses' failure to raise the issue in a timely fashion precludes the court from granting the motion for reconsideration as there has been no "oversight" by the court of a material issue of fact since the issue was never presented to the court in the first instance. Braunstein Todisco v. Bossom, supra, 642. CT Page 915
Based on the foregoing, the court denies the Markses' motion for reargument and reconsideration.