[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION NO. 156
On April 19, 1995, the defendant, Randy Welp, filed a motion to reconsider the court's April 7, 1995 ruling on his motion for summary judgment. A full recitation of the facts of this case is set forth in the court's memorandum of decision. The facts relevant to this motion are that Welp was a co-owner of a driveway that served four buildings located off of Osborne Street in Danbury. The plaintiff, Dorothy Halloway, fell on the driveway while traversing it in an effort to access one of the buildings not owned by Welp to obtain electrolysis services from defendant, Arlene Nejam. Therefore, the court will assume without deciding that Nejam is a licensee as to Welp. See Roberts v. Rosenblatt,146 Conn. 110, 112-13, 148 A.2d 142 (1959) ("status of one who sustains injury while upon the property of another is a question of fact").
In his memorandum in support of the motion to reconsider, Welp argues that he had no actual notice or knowledge or any constructive notice or knowledge of Halloway's presence on the driveway at the time of her fall. Therefore, he argues, he has no duty to maintain the walkway in a defect-free condition for the benefit of Halloway.
The granting of a motion for reconsideration, pursuant to Practice Book, Sec. 204B, is within the sound discretion of the trial court. Heyman Associates v. Insurance Company ofPennsylvania, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 39 70 87 (May 20, 1993, Dunn, J.), citing, Lapuk v. Blount, 2 Conn. Cir. Ct. 271, 283, 198 A.2d 233 (App.Div.), cert. denied, 151 Conn. 726, 197 A.2d 941
(1963). "The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise injustice may result because of oversightin a material issue of fact or law." (Emphasis added.) Braunstein Todisco v. Bossom, 9 CSCR 642 June 7, 1994, McGrath, J.). In the present case, there has been no "oversight in a material issue of fact or law." Id.
The crux of Welp's argument is that he had no actual or constructive notice of Halloway's presence as a pedestrian on his driveway, despite the fact that the way provided access to four properties. The issue of notice or knowledge, however, "is a question of fact and therefore properly within the province of the trier." Middlebury v. Steinmann, 189 Conn. 710, 714,458 A.2d 393 (1983); see also Belardinelli v. Pinewood Lake Association,
Superior Court, Judicial District of Fairfield at Bridgeport, CT Page 10351 Docket No. 23 98 91 (April 8, 1993, Spear, J.) (whether the defendant is chargeable with knowledge of the existence of a trespasser is a question of fact).
Based on the foregoing, the court did not commit an error of law in its memorandum of decision on Welp's motion for summary judgment since material facts remain in dispute. Accordingly, the motion for reconsideration is denied.
Stodolink, J.