[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #104
The plaintiff, Devona Butler, Administratrix of the Estate of Sammy L. Butler, appeals a decision of the Probate Court denying her motion to vacate that court's earlier decision ordering the plaintiff to reimburse the defendant, Carrie Butler, for the funeral expenses of Sammy L. Butler. The Probate Court denied the plaintiff's motion to vacate on April 4, 1996, and mailed notice of this decision to the plaintiff on April 12, 1996. The plaintiff filed her appeal on May 9, 1996. The plaintiff proceeded pro se until August 19, 1996, when counsel appeared.
On April 4, 1997, the defendant filed an amended motion to dismiss.[1] This motion is now before the court.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544
(1991). "[E]very presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission,211 Conn. 416, 425 (1989).
The defendant argues that the plaintiff's appeal is untimely. "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, CT Page 6100 and may not be waived." Ambroise v. William Raveis Real Estate,Inc., 226 Conn. 757, 766-67 (1993). An appeal of an order, denial or decree of a Probate Court by those of the age of majority who are present or who have legal notice to be present, shall be taken within thirty days. General Statutes § 45a-187a. "This statute is subject to the implied requirement that the court give timely notice of its decree before the appeal period becomes operative. Kron v. Thelin, 178 Conn. 189, 197, 423 A.2d 857
(1979). It has been held that the thirty (30) day appeal period runs from the day on which the decree entered. . . . Willard v.McKone, 155 Conn. 413, 421, 232 A.2d 322 (1967). However, this holding has been later modified to read constitutional due process considerations into the operation of the statute where notice of the court's decision is not timely given. The date of giving notice of the decision by the Probate Court triggers the running of the thirty day appeal period given by the court."Buster v. Probate, Superior Court, judicial district of Waterbury, Docket No. 12 85 75 (January 18, 1996, Flynn, J.). TheKron court stated that "[i]n holding that the statutory appeal period does not commence until the court gives notice of its decree, we do not intend to be construed as holding that a prospective appellant must receive notice of the decree; the sending of notice by the court is what the statute, as we construe it, and due process require. See Vecchio v. SewerAuthority, 176 Conn. 497, 408 A.2d 254 (1979)." Kron v. Thelin,
supra, 178 Conn. 197 n. 3. In the present case, the Probate Court mailed notice of its decision on April 12, 1996, and the plaintiff filed her appeal on May 9, 1996, within thirty days. Therefore, the plaintiff's appeal is timely.
The defendant also argues that the court lacks jurisdiction to entertain this appeal because the plaintiff failed to make service in accordance with General Statutes § 52-57a, and, because the plaintiff's appeal did not contain a return date. However, these defects affect the personal jurisdiction of this court, and, therefore, may be waived as a ground for dismissal if not asserted within thirty days of filing an appearance. See Practice Book §§ 142, 144 and 145; Civil Service Commission v.Pekrul, 41 Conn. Sup. 302, 305 (1989) (Claims concerning insufficiency of process and insufficiency of service of process are waived unless asserted within thirty days after the filing of an appearance.), City of Bridgeport v. Debek, 210 Conn. 175,179-80 (1989) (Process defects implicate personal jurisdiction, not subject matter jurisdiction.); Concept Associates. Ltd. v. Boardof Tax Review of the Town of Guilford, 229 Conn. 618, 625 n. 8 CT Page 6101 (1994) (A defective return date does not deprive a court of subject matter jurisdiction.). These arguments advanced by the defendant in the amended motion to dismiss were not set forth in the defendant's original motion to dismiss and were not asserted within thirty days after an appearance was filed on behalf of the defendant. Accordingly, these grounds for dismissal have been waived.
Finally, the defendant argues that the court is without jurisdiction because the plaintiff failed to file a motion for appeal with the Probate Court as required by General Statutes § 45a-191. Section 45a-191 states that "[i]n each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate." However, defects in a motion for appeal from probate are voidable and subject to waiver, Hartford Kosher Caterers, Inc. v. Gazda,165 Conn. 478, 483-84 (1973); Renard v. Rosenthal, Superior Court, judicial district of Danbury, Docket No. 31 08 18 (June 7, 1993, Moraghan, J,); Ponton v. Quinn, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 03 28 84 (April 3, 1991, Fuller, J.), and therefore, do not implicate subject matter jurisdiction. Tolly v. Department of HumanResources, 225 Conn. 13, 27 (1993). Here, the defendant did not raise this ground for dismissal within thirty days of filing an appearance, and therefore the defendant waived this ground.
The court denies the defendant's motion to dismiss.
Samuel S. Freedman, Judge